■ HARRY ABRAMS, Respondent, v ENRICO DONATI, Appellant, et al., Defendants. — Order of the Supreme Court, New York County (Seymour Schwartz, J.), entered on January 10, 1984,

which denied the motion by defendant Enrico Donati for summary judgment dismissing the complaint and directing an immediate trial for the assessment of damages on his counterclaim, is modified, on the law, and the motion granted to the extent of dismissing the first cause of action as to defendant Donati and directing an immediate trial for the assessment of damages on his counterclaim, and otherwise affirmed, with costs and disbursements.

The first cause of action alleges the existence of a conspiracy among the shareholders of defendant Donrico, Inc., and a company called The Plate Shop, Inc., to depreciate the value of stock owned by plaintiff Harry Abrams in Donrico and that as a result of defendants' wrongful acts, plaintiff's stock interest was thereby diminished. However, the law is clear that an "individual shareholder has no right to bring an action in his own name and in his own behalf for a wrong committed against the corporation." (*General Motors Acceptance Corp. v Kalkstein,* 101 AD2d 102, 106.) Since the assertion that defendants conspired to and did, in fact, depress the value of Donrico shares sets forth a wrong against the corporation, this claim belongs to the corporation and should be brought as a derivative suit. (*Strain v Seven Hills Assoc.,* 75 AD2d 360; *Carpenter v Sisti,* 45 AD2d 529.) Consequently, the first cause of action against defendant Enrico Donati, one of the shareholders of Donrico, should have been dismissed. In view of the fact that the first cause of action is the only part of the complaint which seeks recovery against Donati personally, he is entitled to an immediate trial for the assessment of damages on the counterclaim for which he has already been granted partial summary judgment. Concur — Sandler, J. P., Bloom, Fein and Milonas, JJ.