1998 ND 194

**Ron REBEL, Jr., Ron Rebel, and Phil Rebel, Executor of the Estate of Nick Rebel, Plaintiffs,**

**and**

**Nick Haas, Joined Plaintiff and Appellant,**

**v.**

**NODAK MUTUAL INSURANCE COMPANY, Defendant and Appellee.**

**Civil No. 980121.**

Supreme Court of North Dakota.

Nov. 4, 1998.

Michael J. Maus, of Howe, Hardy, Galloway & Maus, P.C., Dickinson, for joined plaintiff and appellant.

Paul F. Ebeltoft, Jr., of Mackoff, Kellogg, Kirby & Kloster, P.C., Dickinson, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Nick Haas appealed from a summary judgment declaring an insurance policy issued by Nodak Mutual Insurance Company (Nodak) to Ron Rebel, Jr., Ron Rebel, and Nick Rebel does not cover damages for injuries Haas suffered while employed by a custom-farming business owned by the Rebels. We conclude Haas has no standing to challenge the coverage provisions in the insurance contract between the Rebels and Nodak, and we dismiss the appeal.

[¶ 2] The Rebels owned and farmed land near Mott. During 1993, the Rebels also ran a custom-farming business as a partnership, and employed Haas to help them. On April 30, 1993, the Rebels and Haas were doing custom seeding for farm operators near Driscoll, more than 100 miles from Mott. The Rebels did not own, operate, or maintain the land. Haas seriously injured his hand in the Rebels' grain drill auger.

[¶ 3] Nodak had issued the Rebels a "Farm and Ranch Master Policy" of insurance which was effective on the date of the accident. Coverage K, entitled "Farm Employers' Liability," provided:

This Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury to which this insurance applies, caused by an occurrence

and arising out of the ownership, maintenance or use (including operations necessary or incidental thereto) of farm premises, provided such bodily injury is sustained by a farm employee and arises out of and in the course of his employment by the insured.

A policy exclusion under Coverage K excludes coverage:

to bodily injury or property damage sustained by any farm employee arising out of custom farming operations, unless the operation is described in the Declarations and a premium is charged and paid[.]

"Custom farming" is specifically defined in the policy as meaning:

the use by an Insured of any farm tractor, farm implement or other farm machinery in connection with farm operations or roadside mowing for others, with gross receipts in excess of $2000 per calendar year.

[¶ 4] The Declarations section of the insurance policy does not describe the Rebels' custom-farming business and it is undisputed the Rebels did not pay a premium for custom-farming coverage. It is also undisputed the Rebels received more than $2,000 in gross receipts in their custom-farming business during calendar year 1993.

[¶ 5] In September 1993, Haas sued the Rebels for damages arising from the injuries he suffered on April 30, 1993, alleging negligence and strict liability. Nodak refused to defend the Rebels, claiming their insurance policy did not provide coverage for Haas's injuries. Before trial, Haas and the Rebels entered into a *Miller–Shugart* settlement agreement.[1] The *Miller–Shugart* agreement obligated the Rebels to bring a declaratory judgment action to determine insurance coverage, and did not assign the Rebels' rights against Nodak to Haas. Instead, the parties "agree[d] to enter into any assignments necessary to effectuate the intent of this agreement." However, the parties did not enter into any assignments. One of the apparent

---

1. In *Medd v. Fonder*, 543 N.W.2d 483, 485 (N.D. 1996), we explained:

Under *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982), an insured defendant may stipulate for settlement of a plaintiff's claims and stipulate judgment may be collected only from the proceeds of any insurance policy, with no personal liability to the defendant. The stipulated judgment is not conclusive on the insurer. The plaintiff judgment creditor must show the settlement was reasonable and prudent.

reasons no assignment was made was to require the Rebels to bear the responsibility for payment of attorney fees.

[¶ 6] In December 1995, the Rebels brought this declaratory judgment action against Nodak seeking a declaration that the insurance policy provided coverage for Haas's injuries. Nodak answered, asserting there was no coverage under the policy and, alternatively, if there was coverage, the *Miller–Shugart* agreement was "not reasonable and prudent." The trial court ordered that Haas be joined in the action as a plaintiff. Nodak moved for partial summary judgment on the insurance-coverage issue. The court ruled, as a matter of law, the policy did not provide coverage under the circumstances. Because this determination mooted the *Miller–Shugart* issues, the court dismissed the Rebels' action. Only Haas appealed from the summary judgment.

[¶ 7] Nodak asserts Haas's appeal should be dismissed because the Rebels have not appealed and Haas has no interest in the insurance contract he seeks to have this Court construe. We agree.

[¶ 8] A party is entitled to have a court decide the merits of a dispute only after demonstrating the party has standing to litigate the issues placed before the court. *State v. Tibor*, 373 N.W.2d 877 (N.D.1985). Standing is the concept used " 'to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court.' " *Billey v. North Dakota Stockmen's Ass'n*, 1998 ND 120, ¶ 7, 579 N.W.2d 171 (quoting *Black's Law Dictionary* 1405 (6th ed.1990)). A person cannot invoke the jurisdiction of the court to enforce private rights or maintain a civil action for the enforcement of those rights unless the person has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. *State v. Rosenquist*, 78 N.D. 671, 51 N.W.2d 767 (1952). Litigants cannot by consent, either passive or express, dispense with necessary parties, or confer upon a person who does not have a sufficient interest in a controversy entitlement to bring suit. *McIn-tyre v. State Board of Higher Education*, 71 N.D. 630, 3 N.W.2d 463 (1942).

[¶ 9] Under the terms of the *Miller–Shugart* agreement between the Rebels and Haas, the Rebels brought this declaratory judgment action in their own name against Nodak. Unlike many *Miller–Shugart* settlement agreements, however, the Rebels did not assign their rights against Nodak to Haas. *Compare, e.g., Fisher v. American Family Mut. Ins. Co.*, 1998 ND 109, ¶ 3, 579 N.W.2d 599; *Garvis v. Employers Mut. Cas. Co.*, 497 N.W.2d 254, 256 n. 1 (Minn.1993); *State Farm Fire & Cas. Co. v. Wicka*, 474 N.W.2d 324, 326 (Minn.1991); *Tschimperle v. Aetna Cas. & Sur. Co.*, 529 N.W.2d 421, 423 (Minn.Ct.App.1995); *Gilman v. State Farm Fire & Cas. Co.*, 526 N.W.2d 378, 380 (Minn. Ct.App.1995); *Peterson v. Brown*, 457 N.W.2d 745, 748–49 (Minn.Ct.App.1990). Nodak moved to have Haas joined as a necessary party under N.D.C.C. § 32–23–11 and N.D.R.Civ.P. 19(a), and the trial court granted the motion. Nodak then moved for summary judgment in its favor on the insurance-coverage issue. The Rebels did not oppose the motion, but Haas did. Haas's attorney made it clear to the trial court he appeared on behalf of Haas, and did not represent the interests of the Rebels.

[¶ 10] When we construe an insurance policy, we are concerned with the insured's rights under the policy, rather than a third party's interest in compensation. *See Ohio Casualty Ins. Co. v. Clark*, 1998 ND 153, ¶ 7, 583 N.W.2d 377. In *Medd v. Fonder*, 543 N.W.2d 483, 487 (N.D.1996), we explained:

An insurance contract relates to the parties executing it. 44 C.J.S. *Insurance* § 285 (1993). "[A] liability policy is designed for the benefit and protection of the insured and is in no way intended to be of direct benefit to the claimant." 11 *Couch on Ins.2d* § 44:1, p. 186 (Rev. ed.1982). "The parties to the policy of liability or indemnity insurance are the insurer and the insured, the latter being the person for whose benefit the policy is procured—usually the employer, or owner, or other person procuring the policy." 11 *Couch on Ins.2d* § 44:3, p. 187 (Rev. ed. 1982). Absent a specific contractual or statutory pro-

vision, "the person actually injured is not the party insured, and has no rights ... against the insurer, or in or to a policy issued by it under an indemnity contract with the employer, owner, or other person, as the case may be." *Id.*

Thus, unless there is a contractual assignment to Haas of the Rebels' rights against Nodak, or a statute conferring such a right to Haas, Haas has no standing to pursue this appeal. *See, e.g., Murphy v. Clancy,* 83 Ill. App.3d 779, 38 Ill.Dec. 863, 404 N.E.2d 287 (1980) (judgment creditor has no standing to bring a suit to determine if insurer should be held liable for excess judgment absent an assignment from the insured); *Wheelways Ins. Co. v. Hodges,* 872 S.W.2d 776 (Tex.App. 1994) (third party has no standing to assert an action for negligent mishandling of an insurance claim directly against insurer).

[¶ 11] *Hins v. Heer,* 259 N.W.2d 38 (N.D. 1977), is instructive. In *Hins,* Robert Heer assaulted and injured Marlo Hins. When Hins sued Heer, Heer's insurer refused to defend, asserting the insurance policy did not cover willful acts. Heer did not personally defend the lawsuit, so a default judgment was entered against him, an execution was issued on the judgment, and it was returned unsatisfied. Hins then brought a garnishment action against Heer's insurer. In response to Hins's argument the insurer had a duty to defend, the Court held Hins had no standing to challenge the insurer's duty to defend under the provisions of Heer's homeowner's policy. The Court reasoned "Hins does not stand as either a creditor or a donee third-party beneficiary to the insurance contract's provisions on duty to defend—only negative benefits would accrue to Hins if [the insurer] were to appear and defend Heer, potentially reducing, if not eliminating, Hins's judgment award." *Hins,* 259 N.W.2d at 39. The Court, however, went on to decide whether the insurance policy provided coverage.

[¶ 12] The *Hins* Court's conclusion Hins had no standing to challenge the insured's duty to defend, and implicit conclusion Hins had standing to challenge policy coverage, are consistent. As a creditor, Hins had no interest in the insurer's duty to defend Heer.

Rather, Hins's status as a creditor of the insurer was dependent on whether the insurance policy provided coverage under the circumstances. This is a pivotal question in a garnishment action because, under N.D.C.C. § 32–09.1–02, "[a]ny *creditor* is entitled to proceed by garnishment in any court having jurisdiction of the subject of the action against ... any public corporation, ... indebted to or having any property in possession or under control, belonging to the creditor's debtor after securing a judgment against the debtor in a court of competent jurisdiction...." (Emphasis added).

[¶ 13] However, for purposes of a declaratory judgment action, only a "person *interested* under a ... written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the ... contract...." N.D.C.C. § 32–23–02 (emphasis added). This Court has consistently required that a person have a "legally protectible interest" in the controversy to obtain declaratory relief. *See, e.g., Medcenter One v. North Dakota State Board of Pharmacy,* 1997 ND 54, ¶ 10, 561 N.W.2d 634; *In Interest of McMullen,* 470 N.W.2d 196, 199 (N.D.1991); *Iverson v. Tweeden,* 78 N.D. 132, 138, 48 N.W.2d 367, 370 (1951). The disputed question must be "raised by one who has an interest in and a legal right to raise it." *Langer v. State,* 69 N.D. 129, 151, 284 N.W. 238, 250 (1939). The declaratory judgment statutes do not create a relationship between the parties that does not otherwise exist to confer standing. Thus, while N.D.C.C. § 32–09.1–02 grants an injured third-party creditor standing to challenge insurance policy coverage, there is no similar provision in the declaratory judgment statutes.

[¶ 14] Here, Haas appealed from a summary judgment in a declaratory judgment action. Haas was not contractually assigned the Rebels' interest in the Nodak insurance policy. Rather, the *Miller–Shugart* settlement agreement obligated the Rebels to "pursu[e] the declaratory judgment action through completion," but the Rebels have not appealed. Haas has not drawn our attention

to any statute conferring standing upon him under these circumstances. We therefore conclude Haas lacks standing to bring this appeal.

[¶ 15] Accordingly, the appeal is dismissed.

[¶ 16] SANDSTROM, NEUMANN and MARING, JJ., and WILLIAM M. BEEDE, Surrogate Judge, concur.

[¶ 17] WILLIAM M. BEEDE, Surrogate Judge, sitting in place of MESCHKE, J., disqualified, who retired effective October 1, 1998.

[¶ 18] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.

