2004 ND 60

**NODAK MUTUAL INSURANCE COMPANY, a North Dakota mutual insurance company, and the Office of the North Dakota Insurance Commissioner, Plaintiffs and Appellees,**

v.

**The WARD COUNTY FARM BUREAU, a North Dakota non-profit corporation located in Ward County, and currently unidentified John Does acting in cooperation or concert with the named Defendant, Defendants and Appellants.**

No. 20030134.

Supreme Court of North Dakota.

March 23, 2004.

Rehearing Denied April 13, 2004.

Todd E. Zimmerman (argued) and Sarah Andrews Herman (on brief), Dorsey & Whitney, Fargo, ND, for plaintiff and appellee Nodak Mutual Insurance Company.

Douglas A. Bahr, Solicitor General, Attorney General's Office, Bismarck, ND, for plaintiff and appellee Office of the North Dakota Insurance Commissioner.

Lynn M. Boughey, Boughey Law Firm, Minot, ND, for defendants and appellants.

MARING, Justice.

[¶ 1]  The Ward County Farm Bureau appealed from a judgment and amended judgment dismissing its counterclaims against Nodak Mutual Insurance Company ("Nodak") and the North Dakota Insurance Commissioner and refusing to postpone a special election to amend Nodak's bylaws and select new directors.  We conclude the district court correctly ruled Ward County Farm Bureau lacked standing for its counterclaims against the Commissioner, and the court did not abuse its discretion in refusing to postpone the election.  We affirm.

I

[¶ 2]  Nodak is a North Dakota mutual insurance corporation organized under N.D.C.C. ch. 26.1–12, which serves more than 26,000 policyholders.  Ward County Farm Bureau is a North Dakota non-profit corporation located in Ward County, which consists of approximately 1,200 members.  Most of its members carry insurance policies with Nodak.

[¶ 3]  On September 23, 2002, the Commissioner placed Nodak under administrative supervision after receiving a letter from corporate officers who expressed management concerns.  Nodak consented to the administrative supervision.  In November 2002, Ward County Farm Bureau sent a lengthy list of questions to the Commissioner and Nodak relating to the supervision and financial position of Nodak.  Ward County Farm Bureau was not satisfied with the quality of the answers it received.

[¶ 4]  The Commissioner determined it was in the best interests of Nodak to restructure its board of directors, which required an amendment to the corporation's bylaws.  Notice of the proposed bylaw amendments, the proposed slate of new directors, and a proxy form were sent

to Nodak's policyholders before December 21, 2002. The notice, which was also published, scheduled a special shareholders' meeting for the election on March 21, 2003. In January 2003, Ward County Farm Bureau requested a list of Nodak policyholders from Nodak, and without receiving the list, Ward County Farm Bureau began sending and distributing copies of the original Nodak proxy to Ward County Farm Bureau members. Nodak and the Commissioner demanded that Ward County Farm Bureau stop copying and distributing the proxies. Ward County Farm Bureau stopped distributing the proxy ballots and again asked the Commissioner and Nodak for a list of policyholders. The Commissioner and Nodak refused.

[¶ 5] On January 31, 2003, Nodak and the Commissioner brought this action against Ward County Farm Bureau "and currently unidentified John Does acting in cooperation or concert with the named Defendant." Nodak and the Commissioner asked the district court (1) to enjoin the defendants from copying or distributing Nodak's proxy; (2) to declare that Nodak was not required to make a voting list available to the defendants for inspection and copying; (3) or, in the alternative, to restrict the defendants' access to and use of a policyholder list "to safeguard the privacy of Nodak policyholders to the extent possible." On February 7, 2003, Ward County Farm Bureau filed an answer and counterclaim. In the counterclaim, Ward County Farm Bureau asked the district court (1) to declare Ward County Farm Bureau and its members had the right to copy and distribute Nodak's proxy and to enjoin the plaintiffs from interfering with their rights; (2) to order that the plaintiffs provide the list of Nodak policyholders; (3) to declare that the plaintiffs failed to protect and ensure the voting rights of Nodak policyholders and order the plaintiffs to update the poli-

cyholder list, reschedule the election to a later date, and submit a plan for court approval that allows minority policyholders to participate and supervise the collection, verification and counting of the proxies; (4) to dismiss the Commissioner from the action because "he does not have the right to interfere in the rights of Nodak policyholders;" (5) to declare that the Commissioner has exceeded his authority in taking over management of Nodak and enjoin him from interfering in the internal management of Nodak and from interfering with the rights of policyholders regarding the election; and (6) to terminate the Commissioner's administrative supervision over Nodak.

[¶ 6] On February 13, 2003, the district court, relying on N.D.C.C. § 10-19.1-73.3, allowed Ward County Farm Bureau to copy and distribute Nodak's proxy and to copy Nodak's policyholder list for use in contacting policyholders regarding the March 21, 2003, election. The court found that "ample time still exists for the shareholder or his agent to copy such list and contact the shareholders prior to the meeting scheduled for March 21, 2003." Nodak provided the list to Ward County Farm Bureau the next day. The Commissioner and Nodak did not appeal.

[¶ 7] On February 20, 2003, Ward County Farm Bureau sent 58 interrogatories to Nodak. On March 7, 2003, the Commissioner moved to dismiss the counterclaims against him, asserting, among other things, that the first two counterclaims were mooted by the court's previous ruling and Ward County Farm Bureau had no standing to assert the remainder of its counterclaims against the Commissioner. On March 13, 2003, Ward County Farm Bureau moved to postpone the special election "for at least 60 days from the day that it is scheduled, or in the alternative at least 30 days *after* complete and full an-

swers to interrogatories have been received." Ward County Farm Bureau scheduled a hearing on March 14, 2003, two days after faxing the motion to the Commissioner and Nodak, and almost one week before Ward County Farm Bureau was required to file a response to the Commissioner's motion to dismiss. Although Nodak responded with a brief to Ward County Farm Bureau's motion to postpone the election, the Commissioner did not file a written response and Ward County Farm Bureau did not file a written response to the Commissioner's motion to dismiss by the March 14 hearing date.

[¶ 8] At the hearing, the Commissioner argued standing was a threshold issue that had to be addressed before considering the merits of Ward County Farm Bureau's remaining counterclaims and its motion to postpone the election. At the conclusion of the hearing, the district court denied Ward County Farm Bureau's motion, noting Ward County Farm Bureau had pointed to "no statutory violation of anything," and finding Ward County Farm Bureau faced no irreparable harm because "[i]f this election is conducted wrongfully[,] that can be challenged." The court also dismissed the remainder of Ward County Farm Bureau's counterclaims that had not been disposed of in the earlier decision because Ward County Farm Bureau "has no standing to bring all these issues on behalf of whatever policy holders are individual policy holders or individual stockholders." The special election was conducted on March 21, 2003. After Ward County Farm Bureau appealed from the district court judgments, the Commissioner lifted and discontinued his administrative supervision over Nodak effective July 29, 2003.

## II

[¶ 9] After this appeal was filed, Ward County Farm Bureau moved in this Court to supplement the record under N.D.R.App.P. 10(h). Ward County Farm Bureau seeks to introduce documentation that it was a Nodak policyholder until January 28, 2003, two days before the Commissioner and Nodak commenced the action against Ward County Farm Bureau. It is unnecessary to rule on this motion, because assuming Ward County Farm Bureau was a policyholder, it would not change the result in this case.

## III

[¶ 10] Ward County Farm Bureau argues the district court erred in ruling it had no standing to raise the remainder of its counterclaims challenging the Commissioner's actions.

[¶ 11] In *Rebel v. Nodak Mut. Ins. Co.*, 1998 ND 194, ¶ 8, 585 N.W.2d 811, we said:

A party is entitled to have a court decide the merits of a dispute only after demonstrating the party has standing to litigate the issues placed before the court. *State v. Tibor*, 373 N.W.2d 877 (N.D.1985). Standing is the concept used " 'to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court.' " *Billey v. North Dakota Stockmen's Ass'n*, 1998 ND 120, ¶ 7, 579 N.W.2d 171 (quoting *Black's Law Dictionary* 1405 (6th ed.1990)). A person cannot invoke the jurisdiction of the court to enforce private rights or maintain a civil action for the enforcement of those rights unless the person has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. *State v. Rosenquist*, 78 N.D. 671, 51 N.W.2d 767 (1952). Litigants cannot by consent, either passive

or express, dispense with necessary parties, or confer upon a person who does not have a sufficient interest in a controversy entitlement to bring suit. *McIntyre v. State Board of Higher Education,* 71 N.D. 630, 3 N.W.2d 463 (1942).

Standing analysis requires a two-fold inquiry: (1) plaintiffs must suffer some threatened or actual injury resulting from the putatively illegal action, and (2) the asserted harm must not be a generalized grievance shared by all or a large class of citizens, *i.e.,* plaintiffs generally must assert their own legal rights and interests and cannot rest their claim for relief on the legal rights and interests of third parties. *Kjolsrud v. MKB Mgmt. Corp.,* 2003 ND 144, ¶ 14, 669 N.W.2d 82; *State v. Carpenter,* 301 N.W.2d 106, 107 (N.D. 1980).

■■■■ [¶ 12] Like a plaintiff who files suit against a defendant, a defendant must possess standing to assert a counterclaim against a plaintiff. *E.g., Transamerica Ins. Co. v. South,* 125 F.3d 392, 396 (7th Cir.1997); *Kluge v. Fugazy,* 737 F.Supp. 208, 212 (S.D.N.Y.1990); *Clayton v. Ideal Chem. & Supply,* No. CA98–1145, 1999 WL 318032, 1999 Ark.App. LEXIS 305, at —— 3–6 (Ark.App. May 12, 1999); *see also State v. Rosenquist,* 78 N.D. 671, 706, 51 N.W.2d 767, 788 (1952) (stating codefendants may have standing to raise issues between themselves even though plaintiff has no right to maintain an action). The standing requirement applies to declaratory judgment actions. *See Rebel,* 1998 ND 194, ¶ 13, 585 N.W.2d 811; *Richland County Water Res. Bd. v. Pribbernow,* 442 N.W.2d 916, 918 (N.D.1989). The existence of standing is a question of law which is reviewed de novo. *Oti Kaga, Inc. v. South Dakota Hous. Dev. Auth.,* 342 F.3d 871, 877 (8th Cir.2003); *Information Handling Servs., Inc. v. Defense Automat-*

*ed Printing Servs.,* 338 F.3d 1024, 1029 (D.C.Cir.2003); *Lee v. City of Chicago,* 330 F.3d 456, 468 (7th Cir.2003); *Park v. Forest Service of United States,* 205 F.3d 1034, 1036 (8th Cir.2000).

## A

[¶ 13] Ward County Farm Bureau argues that it has organizational standing to challenge the Commissioner's actions involving Nodak because "[a]lmost all" of its members are Nodak policyholders.

■■■■ [¶ 14] In 9 V. Braucher, B. Jacobsthal & G. O'Gradney, *Fletcher Cyclopedia of the Law of Private Corporations,* § 4227, at pp. 47–49 (1999 Rev. ed.) (footnotes omitted), the authors summarize the general rules for organizational standing:

[A] corporation does not have standing to bring an action to enforce or redress the rights of its shareholders. On the other hand, a nonprofit organization that has not suffered an injury itself can sue as the representative of its members if: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. In addition, a nonprofit membership corporation has standing to seek judicial review on behalf of its members, of governmental or municipal regulations directly affecting such members. But the corporation or its members ordinarily must be adversely affected or injured in fact by the challenged action or regulation. Thus, where the alleged injury to the individual results only from the injury to the corporation, the injury is merely derivative and the individual does not have a right of action against the third party.

In other words, the individual does not have standing unless the wrong done amounts to a breach of duty owed to the individual personally.

*See also Hunt v. Washington Apple Adver. Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

[¶ 15] The first requirement for organizational standing, *i.e.,* that "its members would otherwise have standing to sue in their own right," *Hunt,* 432 U.S. at 343, 97 S.Ct. 2434, has not been satisfied in this case. Ward County Farm Bureau's third, fourth, fifth and sixth counterclaims challenge the Commissioner's actions or inactions regarding the upcoming election, his authority to place Nodak under administrative supervision, and essentially seek court supervision over Nodak and the election process. Nodak itself consented to administrative supervision. The counterclaims against the Commissioner allege wrongs have been committed to Nodak's corporate entity. Individual shareholders generally have no right to bring actions in their individual names and on their own behalf for a wrong committed against the corporation. *Littlefield v. Union State Bank,* 500 N.W.2d 881, 885 (N.D.1993); *Fisher v. Pederson,* 100 N.W.2d 156, 159 (N.D.1959); *see also In re Haakenson,* 159 B.R. 875, 885 (Bankr.D.N.D.1993); *PacLink Communications Int'l, Inc. v. Superior Court,* 90 Cal.App.4th 958, 109 Cal. Rptr.2d 436, 440 (2001); *Wells Fargo Ag Credit Corp. v. Batterman,* 229 Neb. 15, 424 N.W.2d 870, 873 (1988); *Abrams v. Donati,* 108 A.D.2d 704, 485 N.Y.S.2d 1012, 1013 (App.Div.1985); *Norman v. Nash Johnson & Sons' Farms, Inc.,* 140 N.C.App. 390, 537 S.E.2d 248, 253 (2000). "To have standing to sue individually, the shareholder must allege an injury separate and distinct from other shareholders, or a wrong involving a contractual right of the shareholder that exists independently of

any right of the corporation." *Bovee v. Lyndonville Sav. Bank & Trust Co.,* 174 Vt. 507, 811 A.2d 143, 145–46 (2002). *See also Goldberg v. Michael,* 328 Ill.App.3d 593, 262 Ill.Dec. 626, 766 N.E.2d 246, 251 (2002). This Court has recognized that "[a]s a matter of general corporate law, shareholders alleging injury to the corporation must bring an action on behalf of the corporation within the context of a derivative action." *Schumacher v. Schumacher,* 469 N.W.2d 793, 798 (N.D.1991).

[¶ 16] Individual Ward County Farm Bureau members have alleged no injury separate and distinct from other Nodak policyholders concerning the Commissioner's actions involving the election and the Commissioner's administrative supervision over Nodak. To challenge the Commissioner's actions and administrative supervision under these circumstances, individual members would be required to bring a shareholder derivative suit on behalf of Nodak. The counterclaims in this case are not brought on behalf of Nodak. Consequently, because Ward County Farm Bureau's members would not have standing to sue in their own right, we conclude Ward County Farm Bureau lacks organizational standing to assert its counterclaims against the Commissioner on behalf of its members.

**B**

[¶ 17] Ward County Farm Bureau's argument that it has individual standing because it had a policy with Nodak in force during the time the relevant events occurred between September 20, 2002, and January 28, 2003, fails for the same reason Ward County Farm Bureau lacks organizational standing. Ward County Farm Bureau alleges no injury separate and distinct from other Nodak policyholders and its counterclaims against the Commissioner are not brought on be-

half of Nodak. Because Ward County Farm Bureau has no right to bring counterclaims against the Commissioner in its individual name and on its own behalf for alleged wrongs committed against Nodak, we conclude Ward County Farm Bureau lacks individual standing to assert those counterclaims against the Commissioner.

## C

[¶ 18] Ward County Farm Bureau argues the district court erred in dismissing the counterclaims against the Commissioner for lack of standing because its response to the Commissioner's motion was not yet due when the issue was decided, and if it had been allowed the appropriate amount of time, Ward County Farm Bureau would have briefed the issue, identified several of the "John Does" and offered documentation it was a policyholder to establish standing. We reject this argument for several reasons.

[¶ 19] Ward County Farm Bureau scheduled the hearing on its motion to postpone the election to be held only two days after faxing the motion to the Commissioner and Nodak, well before the ten days provided the adverse party to respond under N.D.R.Ct. 3.2(a). We have said a "party is entitled to have a court decide the merits of a dispute only after demonstrating standing to litigate the issues placed before the court." *Triple Quest, Inc. v. Cleveland Gear Co.*, 2001 ND 101, ¶ 13, 627 N.W.2d 379. *See also Kjolsrud*, 2003 ND 144, ¶ 13, 669 N.W.2d 82; *Rebel*, 1998 ND 194, ¶ 8, 585 N.W.2d 811. Consequently, standing was a threshold requirement that could not be avoided by Ward County Farm Bureau expediting the hearing on its motion to postpone the election to occur before its deadline to file a response to the Commissioner's motion to dismiss for lack of standing. Moreover, Ward County Farm Bureau was aware of the Commissioner's motion to dismiss for one week before the hearing on its motion to postpone the election was held, a longer period of time than allowed the Commissioner and Nodak to respond to Ward County Farm Bureau's motion. Ward County Farm Bureau is in no position to complain about inadequate time to respond to the Commissioner's allegation that it lacked standing when it forced immediate resolution of the issue by scheduling a hearing before its response was due.

[¶ 20] In any event, even if Ward County Farm Bureau had identified individual "John Does," it does not necessarily follow that standing could have been established. The counterclaims against the Commissioner are alleged only in the name of "Defendant Ward County Farm Bureau." We have already concluded individual members and shareholders of Nodak, including Ward County Farm Bureau itself, could not challenge in their individual names and on their own behalf in this action the Commissioner's administrative supervision over Nodak. No shareholder derivative action challenging the Commissioner's actions and his administrative supervision over Nodak was commenced.

[¶ 21] Ward County Farm Bureau also asserts Nodak and the Commissioner conferred standing upon it by bringing this action naming Ward County Farm Bureau as a defendant. However, litigants cannot by consent confer upon a person who does not have a sufficient interest in a controversy entitlement to bring suit. *Rebel*, 1998 ND 194, ¶ 8, 585 N.W.2d 811; *McIntyre v. State Bd. of Higher Educ.*, 71 N.D. 630, 635, 3 N.W.2d 463, 465 (1942). The Commissioner and Nodak could not confer standing upon Ward County Farm Bureau to challenge by counterclaim the Commissioner's actions and administrative supervision sim-

ply by naming it as a defendant in this action.

[¶ 22] We conclude the district court did not err in dismissing Ward County Farm Bureau's counterclaims challenging the Commissioner's actions for lack of standing to raise those issues.

## IV

[¶ 23] Nodak did not challenge, and does not challenge on appeal, Ward County Farm Bureau's standing to bring its motion against Nodak to postpone the special election. This Court has said a failure to object to a party's standing in the trial court and on appeal results in a waiver of the issue. *See Judson PTO v. New Salem Sch. Bd.*, 262 N.W.2d 502, 505 (N.D.1978); *see also Vermeer Indus. v. Bachmeier*, 486 N.W.2d 506, 508 (N.D.1992). Ward County Farm Bureau argues the district court erred in failing to grant its motion for injunctive relief and to postpone the special election.

[¶ 24] Generally, to be entitled to injunctive relief, a party must show no adequate remedy at law exists and irreparable injury will result if relief is not granted. *Huber v. Oliver County*, 1999 ND 220, ¶ 20, 602 N.W.2d 710. The four factors used for determining whether a court should issue a preliminary injunction are: (1) substantial probability of succeeding on the merits; (2) irreparable injury; (3) harm to other interested parties; and (4) effect on the public interest. *Magrinat v. Trinity Hosp.*, 540 N.W.2d 625, 629 (N.D.1995). The granting or denying of injunctive relief rests within the sound discretion of the district court, and the court's ruling will not be reversed on appeal unless there has been an abuse of discretion. *Huber*, at ¶ 20. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a

rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law. *Western Nat'l Mut. Ins. Co. v. University of North Dakota*, 2002 ND 63, ¶ 31, 643 N.W.2d 4.

[¶ 25] Ward County Farm Bureau argues the court should have postponed the corporate special election until Nodak and the Commissioner provided it information relating to why the Commissioner took over Nodak, what management problems were extant at the time of the takeover, which managers were selected by Nodak to continue as managers, who had the right to vote, how many votes a person could exercise, how the proxies would be counted, and what protections would be provided to minority policyholders. Ward County Farm Bureau also claims the election should have been postponed until it was given sufficient time to communicate with those policyholders.

[¶ 26] The caselaw relied upon by Ward County Farm Bureau does not support its argument that this corporate special election should have been postponed. The courts in *McKesson Corp. v. Derdiger*, 793 A.2d 385 (Del.Ch.2002); *Thompson v. Enstar Corp.*, 509 A.2d 578 (Del.Ch.1984); *Lerman v. Diagnostic Data, Inc.*, 421 A.2d 906 (Del.Ch.1980); *Tweedy, Browne & Knapp v. Cambridge Fund, Inc.*, 318 A.2d 635 (Del.Ch.1974); and *Schnell v. Chris–Craft Indus., Inc.*, 285 A.2d 437 (Del.1971), did not address attempts to postpone corporate elections. *Aprahamian v. HBO & Co.*, 531 A.2d 1204 (Del.Ch.1987), involved a request for preliminary injunction to prohibit incumbent directors of the corporation from postponing an annual meeting of stockholders. In *Steinberg v. American Bantam Car Co.*, 76 F.Supp. 426, 440–41 (W.D.Pa.1948), the court granted a temporary restraining order postponing an election because the board of directors delayed the annual meeting in violation of bylaws,

delayed providing audited financial statements, and delayed providing a requested shareholder list until a few days before the scheduled election. The subsequent appeal was dismissed as moot because "the stockholders' meeting has long since been held." *Steinberg v. American Bantam Car Co.*, 173 F.2d 179, 180 (3d Cir.1949).

[¶ 27] The gist of Ward County Farm Bureau's complaint in this case is the failure of Nodak and the Commissioner to answer submitted questions it deemed "essential." The right of shareholder access to corporate documents and records is broad and is provided for in N.D.C.C. §§ 10–19.1–84 and 10–19.1–85. *See also Schmidt v. Anderson*, 29 N.D. 262, 266, 150 N.W. 871, 873 (1915), *overruled in part, Lien v. Savings, Loan & Trust Co.*, 43 N.D. 260, 267, 174 N.W. 621, 623 (1919). The statutes provide a right of inspection, however, and not a right to receive answers to questions submitted by shareholders. *See generally* 5A T. Bjur & D. Jensen, *Fletcher Cyclopedia of the Law of Private Corporations* § 2215 (1995 Rev. ed.). Ward County Farm Bureau has not sought access to inspect any books or records of Nodak, but has simply posed questions to the Commissioner and Nodak. While Nodak or the Commissioner could have answered those questions, they were not legally required to do so. Inspection of corporate books and records is one of a shareholder's " 'tools at hand' " to develop necessary facts for pleading purposes. *White v. Panic*, 783 A.2d 543, 549 n. 15 (Del.Super.Ct.2001).

[¶ 28] Although Ward County Farm Bureau has a "strong view that the election held in this matter was unfair, and that [it] had not been provided the information requested or the names of the policyholders in time in which to make the election fair," Ward County Farm Bureau did not demonstrate to the district court or to this Court that any statute has been violated, or would have been violated unless the election was postponed. Ward County Farm Bureau received Nodak's policyholder list more than one month before the election, a period of time the district court found "ample" under the circumstances. Postponing the election would have required that new proxies be sent to more than 26,000 policyholders at substantial cost and expense to Nodak. The court found no irreparable harm would result to Ward County Farm Bureau because the election could be challenged if it was wrongfully conducted. *See* N.D.C.C. §§ 10–19.1–85.1 and 10–19.1–86; 2 V. Braucher, T. Evans & G. O'Gradney, *Fletcher Cyclopedia of the Law of Private Corporations* §§ 292 and 293 (1998 Rev. ed.). We conclude the district court did not abuse its discretion in refusing to postpone the special corporate election.

V

[¶ 29] The district court granted the relief Ward County Farm Bureau sought in its first and second counterclaims and denied the injunctive relief to postpone the election sought against Nodak in the third counterclaim. We have concluded the district court did not abuse its discretion in refusing to postpone the election. The remainder of the relief sought in the third counterclaim, and the fourth, fifth and sixth counterclaims challenged the Commissioner's actions and authority over Nodak, and we have concluded Ward County Farm Bureau had no standing to raise those issues. It is unnecessary to address the other issues raised.

[¶ 30] The judgment and amended judgment are affirmed.

[¶ 31] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE

V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.