# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

## 2024 ND 23

In the Matter of the Estate of Viola J. Heath, Deceased

GayLe Schleve,                                  Personal Representative and Appellant

    and

Bill D. Tisher,                                  Personal Representative

    v.

Barbara Ressler, Candy Ash, Carol Hansell,
Charlys Schulenberg, Cody A. Schleve
(aka Cody A. Hillard), Debra Quarve,
Devyn S. Kukowski, Douglas Stull, Jane or
John Doe as trustee of the Randall and
Norma Heinz Trust dated June 11, 2020,
Jason Kukowski, Jeff Miller, Josh Kukowski,
Kami Jo Martinez, Kimberly  Helsper, Kurt
Stull, Kyla Marie Mees, Layne Kreitinger,
Lea Marie Buss, The Estate of Leann Russell,
Lori Watts, Lynne A. Lammers, Merrill
Fahlstrom, Michael Kukowski, Randal Heinz
(aka Randall Heinz), Richard L. Schleve,
Robert R. Becker, Robert D. Hellen, Sandra Hanen,
Shari Hellen, Shawn D. Hellen, Sheryl Douglas,
Tanner C. Schleve, Tara Booth, Thomas Smith,
The Estate of Tracie Honeycutt (aka Traci Honeycutt),

Trent Piseno, and Trevor Piseno                                    Respondents

     and

Wells Fargo Bank, N.A.,                              Interested Party and Appellee

————————————————

No. 20230250

————————————————

In the Matter of the Estate of Caleb C. Heath, Deceased

Gayle Schleve,                              Personal Representative and Appellant

     v.

Wells Fargo Bank, N.A.,                              Interested Party and Appellee

————————————————

No. 20230251

————————————————

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Jon Bogner, Dickinson, ND, for personal representative and appellant.

Zachary E. Pelham, Bismarck, ND, for interested party and appellee.

**Jensen, Chief Justice.**

[¶1]   GayLe Schleve ("Schleve") appeals from a district court order granting Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to vacate an order establishing the authority of domiciliary foreign personal representatives and letters testamentary in the matter of the Estate of Viola J. Heath, 13-2015-PR-00016, and to vacate an order determining heirs and successors in the matter of the Estate of Caleb C. Heath, 13-2016-PR-00017. We conclude the court erred in determining the Dunn County District Court lacked subject matter jurisdiction regarding an application for foreign probate proceedings as the basis for granting the N.D.R.Civ.P. 60(b)(4) motion in the Estate of Viola J. Heath; further, the district court erred in granting the N.D.R.Civ.P. 60(b)(6) motion in the Estate of Caleb C. Heath without providing a sufficient finding relating to timeliness. We reverse and remand for further determination of whether the judgment was void for lack of personal jurisdiction and if relief should be granted under Rule 60(b)(4) or if relief should be granted under Rule 60(b)(6) in the Estate of Viola J. Heath, and remand for a determination on the timeliness of the motion in the Estate of Caleb C. Heath.

I

[¶2]   Viola Heath and Caleb Heath were residents of Montana who owned mineral rights in Dunn County, North Dakota. In 1976, the Heaths executed wills, and Caleb Heath executed a trust agreement appointing Norwest Capital Management & Trust Co. ("Norwest") as trustee. Caleb Heath's trust provided for the creation of two trusts upon the death of Viola Heath; the Jackson Heath Educational Fund and the Jackson Heath Foundation. Caleb Heath died in 1978, followed by Viola Heath in 1987. Following Viola Heath's death, litigation was initiated between Norwest and the Heath heirs. In 1989, the litigants reached a settlement requiring Norwest to transfer certain probate assets to Viola Heath's Estate. At this time, Bill Tisher ("Tisher") and Schleve were appointed co-personal representatives of the Viola Heath Estate in Montana.

In 1993, the Montana probate proceedings were terminated, and the letters of appointment issued to Tisher and Schleve were suspended.

[¶3]   In 2015, Tisher and Schleve filed for ancillary probate in Dunn County in the Estate of Viola J. Heath, requesting an order recognizing the authority of domiciliary foreign personal representatives and the issuance of letters testamentary. Tisher and Schleve provided the Dunn County District Court copies of Viola Heath's will, their appointment as personal representatives in Montana, the 1989 Montana settlement agreement, and the docket entry from the Montana probate proceedings suspending their appointment. The court subsequently issued an order recognizing the authority of Tisher and Schleve as domiciliary foreign personal representatives and issued letters testamentary.

[¶4]   In 2016, Schleve filed a petition to determine heirs and successors in Dunn County for the Estate of Caleb C. Heath. With the petition, Schleve filed copies of the documents they filed in the Estate of Viola J. Heath, along with Caleb Heath's will, an inventory for Viola Heath's estate, the personal representative mineral deed, and an affidavit of publication. An order determining the heirs and successors in the Estate of Caleb C. Heath was granted. In addition to determining the heirs and successors, the order included a finding that Norwest and the trust referenced in Caleb Heath's will no longer existed. The order also granted to the Estate of Viola J. Heath the mineral rights that are the subject of this litigation and claimed by Wells Fargo to belong in the trusts created by Caleb Heath. Subsequent to the issuance of these orders, the mineral rights at issue were dispersed among Viola Heath's heirs.

[¶5]   During the 1980s, Northwestern Union Trust Co. changed its name to Norwest Capital Management & Trust Co., and, in 2000, Norwest merged with Wells Fargo under the "Wells Fargo" name. Since then, Wells Fargo has managed the Jackson Heath Educational Fund and the Jackson Heath Foundation. During a review of the trust operations in May 2017, Wells Fargo discovered it was no longer receiving revenue from the Dunn County mineral rights. In 2018, Wells Fargo again detected revenue from the Dunn County

minerals was not being received. In 2019, Wells Fargo identified the reason for the unpaid revenue as being the transfer of the mineral rights as part of the Dunn County foreign probate proceedings involving the Estate of Viola J. Heath.

[¶6]   In March 2023, Wells Fargo filed a motion in the Dunn County Estate of Caleb C. Heath probate proceedings to vacate the 2015 order determining the heirs of Caleb Heath and filed a second motion in the Estate of Viola J. Heath probate proceedings seeking to vacate the 2016 order, which provided for the transfer of the Dunn County mineral interests to the heirs of Viola Heath. The motions were brought under N.D.R.Civ.P. 60(b)(4) and 60(b)(6). The district court consolidated the proceedings. In July 2023, the court granted the motions.

[¶7]   On appeal, Schleve challenges Wells Fargo's standing to initiate the proceedings to vacate the orders. Schleve also asserts the district court erred in granting Wells Fargo's motion to vacate the order establishing the authority of domiciliary foreign personal representatives and letters testamentary after wrongfully determining the court lacked subject matter jurisdiction at the time the order was issued. Schleve also argues the court erred in granting the motion to vacate the order determining heirs and successors based, in part, on a finding that because it was common knowledge Wells Fargo was a successor to Norwest, Schleve failed to exercise reasonable diligence by limiting service to notice by publication. Finally, Schleve argues Wells Fargo failed to bring the motion to vacate within a reasonable time under N.D.R.Civ.P. 60(c)(1).

II

[¶8]   Schleve asserts Wells Fargo does not have standing to challenge the district court's issuance of the order establishing proof of authority of domiciliary foreign personal representative and letters testamentary in the Estate of Viola J. Heath because Wells Fargo lacked sufficient interest in the matter. The existence of standing is a question of law, which we review de novo. *Nodak Mut. Ins. Co. v. Ward Cnty. Farm Bureau,* 2004 ND 60, ¶ 12, 676 N.W.2d 752. To be recognized as possessing standing for the purpose of participating

3

in a proceeding, we have held a party must have sufficient interest in the matter as follows:

> A party is entitled to have a court decide the merits of a dispute only after demonstrating the party has standing to litigate the issues placed before the court. Standing is the concept used to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court.

*Rebel v. Nodak Mut. Ins. Co.*, 1998 ND 194, ¶ 8, 585 N.W.2d 811 (cleaned up).

[¶9] Caleb Heath appointed Norwest as an alternative personal representative over his estate and trustee of the trust Wells Fargo now manages. At its inception, the trust was to include the Dunn County minerals at issue as an asset. In the Estate of Viola J. Heath, the Dunn County District Court issued an order establishing the authority of domiciliary foreign personal representatives and issued letters testamentary to Tisher and Schleve, along with an order determining heirs and successors. Through those orders, the Dunn County mineral interests were transferred to the heirs of Viola Heath. Wells Fargo, as the successor trustee, claiming an ownership interest in the Dunn County mineral rights now challenges the transfer of those mineral rights to the heirs of Viola Heath. Schleve contends the determination in the earlier proceeding that Norwest and the trust no longer existed and the mineral interests were never transferred to the trust terminated any potential standing.

[¶10] Wells Fargo, as the successor trustee, has an interest in asserting a claim to the mineral interest it contends were intended to be part of the trust established by Caleb Heath and were ultimately transferred to the heirs of Viola Heath through the two Dunn County proceedings. We conclude Wells Fargo has sufficient standing to challenge the order establishing the authority of domiciliary foreign personal representatives and letters testamentary in the matter of the Estate of Viola J. Heath, as well as the order determining heirs and successors in the matter of the Estate of Caleb C. Heath.

[¶11] Schleve further asserts the district court erred when it granted Wells Fargo's N.D.R.Civ.P. 60(b)(4) motion to vacate the order establishing the authority of domiciliary foreign personal representatives and issuing the letters testamentary in the matter of the Estate of Viola J. Heath. Specifically, Schleve contends the court erroneously determined the Dunn County District Court lacked subject matter jurisdiction at the time it issued the order and letters testamentary.

[¶12] We have consistently held:

> Our standard of review for motions under Rule 60(b)(iv) is plenary. A motion under subdivision iv is not left to the court's discretion. The court's task is purely to determine the validity of the judgment. If the judgment is valid, the motion must be denied. If the judgment is void, the court has no discretion to protect it. The question to be resolved is whether the judgment is void as a matter of law.

*First W. Bank & Tr. v. Wickman*, 527 N.W.2d 278, 279 (N.D. 1995) (cleaned up).

[¶13] A judgment is void only if the district court lacks subject matter jurisdiction over the action itself or personal jurisdiction over the parties. *Johnson, Johnson, Stokes, Sandberg & Kragness, Ltd. v. Birnbaum*, 555 N.W.2d 583, 585 (N.D. 1996). A district court's misapplication of statute generally implicates neither subject matter nor personal jurisdiction. *Matter of Estate of Hansen*, 458 N.W.2d 264, 268 (N.D. 1990). "Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action[.]" *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583. For subject matter jurisdiction to attach, the particular issue to be determined must be properly brought before the court. *Id.* at ¶ 11. "[S]ubject matter jurisdiction of a district court is not determined by whether or not it correctly applied a statute to a particular cause of action because, to hold otherwise, would vest subject matter jurisdiction in a district court subject to divestment upon an erroneous ruling." *Hansen*, at 268 (quoting *Production*

*Credit Ass'n v. Dobrovolny*, 415 N.W.2d 489, 491 (N.D. 1987)). Instead, an error in the application of law in the proceedings may furnish grounds for appeal but it does not invalidate the judgment. *Id.*

[¶14] Under N.D.C.C. § 30.1-24-06, "[a] domiciliary foreign personal representative who has complied with section 30.1-24-05 may exercise, as to assets in this state, all powers of a local personal representative and may maintain actions and proceedings in this state subject to any conditions imposed upon nonresident parties generally." *Stuber v. Engel,* 2017 ND 198, ¶ 23, 900 N.W.2d 230. To obtain appointment as a foreign personal representative, an applicant must fully comply with the requirements under N.D.C.C. § 30.1-24-05, which reads, in part, as follows:

> If no local administration . . . is pending in this state, a domiciliary foreign personal representative may file . . . authenticated or certified copies of the person's appointment and of any official bond the person has given, and the court shall enter an order establishing the filing of the copies.

[¶15] In its ruling, the district court found the Dunn County District Court lacked the subject matter jurisdiction needed to establish Tisher and Schleve as domiciliary foreign personal representatives because the Montana probate proceedings had been terminated and the personal representative's authority was suspended. Specifically, the district court found as follows:

> [A]s a matter of law that there no longer was a foreign probate and neither Tisher nor Schleve was a domiciliary foreign personal representative at the time they filed the Proof of Authority of Domiciliary Foreign Personal Representative form. As a result, neither a North Dakota district court judge nor the Dunn County District Court deputy clerk who signed such had authority under the statute to sign the Order Establishing Authority of Domiciliary Foreign Personal Representative and Letters Testamentary dated May 6, 2015.

[¶16] The record supports the district court's holding that Tisher and Schleve no longer had the power to act as personal representatives in the Montana probate proceedings; a prerequisite for appointment as a foreign personal

6

representative in North Dakota is proof of the authority to act as the personal representative in the foreign jurisdiction. Schleve does not dispute when the application for foreign probate proceedings was initiated in Dunn County, the Montana probate had been terminated, and the authority of the personal representatives suspended. The question presented is whether a court lacked subject matter jurisdiction, characterized by the court's reference to lack of authority, when it is not possible to satisfy all the legal requirements to establish a foreign probate proceeding.

[¶17] We conclude the district court erred in holding the Dunn County District Court lacked subject matter jurisdiction regarding an application for foreign probate proceedings. Chapter 30.1-24, N.D.C.C., clearly provided the district court with the authority to consider petitions to initiate foreign probate proceedings. We conclude the court erred in determining the Dunn County District Court lacked subject matter jurisdiction to issue an order in the Estate of Viola J. Heath.

[¶18] Although the district court based its ruling on the erroneous finding that the Dunn County District Court lacked subject matter jurisdiction regarding an application for foreign probate proceedings under N.D.R.Civ.P. 60(b)(4), a judgment can be void if the court lacked personal jurisdiction over the parties. Here, the court concluded Wells Fargo was not properly served in the Estate of Caleb C. Heath proceedings, but did not make a determination whether the Dunn County District Court had adequate personal jurisdiction over the parties in the Estate of Viola J. Heath. Additionally, Wells Fargo moved to vacate the orders under both Rule 60(b)(4) and 60(b)(6). However, presumably because it had already concluded relief was available under Rule 60(b)(4), the court did not rule on Wells Fargo's Rule 60(b)(6) motion to vacate. As such, we reverse and remand for further determination of whether the judgment was void for lack of personal jurisdiction and if relief should be granted under Rule 60(b)(4), or if relief should be granted under Rule 60(b)(6).

IV

[¶19] Schleve asserts the district court erred when it granted Wells Fargo's N.D.R.Civ.P. 60(b)(6) motion to vacate an order determining heirs and

7

successors in the matter of the Estate of Caleb C. Heath by improperly taking judicial notice that it was common knowledge Wells Fargo was the successor to the prior trustee. Schleve also argues the court failed to make adequate findings as to whether the Rule 60(b)(6) motion was brought within a reasonable time.

[¶20] We review a district court's decision to grant a party relief under Rule 60(b)(6) under the abuse of discretion standard:

> [I]ts decision whether to vacate the judgment will not be disturbed on appeal unless the court has abused its discretion. The trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. A trial court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination.

*Kopp v. Kopp*, 2001 ND 41, ¶ 7, 622 N.W.2d 726 (internal citations omitted).

[¶21] Rule 60(b)(6) provides relief "when the movant demonstrates it would be manifestly unjust to enforce a court order or judgment, and provides an escape from the judgment, unhampered by detailed restrictions." *Kopp*, 2001 ND 41, ¶ 10. When a judgment is "so blatantly one-sided or so rankly unfair under the uncovered circumstances that courts should not enforce it," this rule allows the court to vacate the judgment to accomplish justice. *Id.* Under N.D.R.Civ.P. 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time[.]"

[¶22] Schleve asserts the district court erred in taking judicial notice that Wells Fargo was a successor to Norwest.

> We review a district court's decision to take judicial notice of evidence under an abuse of discretion standard. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or if its decision is not the product of a rational mental process leading to a reasoned determination.

*Orwig v. Orwig,* 2021 ND 33, ¶ 6, 955 N.W.2d 34 (internal citations omitted).

[¶23] Under N.D.R.Ev. 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice on its own." N.D.R.Ev. 201(c)(1).

[¶24] In its memorandum decision, the district court took judicial notice that "Attorney Bogner is a contemporary of the undersigned and a lifelong resident of the Dickinson, North Dakota area." The court then proceeded to use that as a basis in its finding that Wells Fargo's successor status to Norwest was readily known to those in the area. As this is neither information generally known within the court's jurisdiction nor information that can be accurately and readily determined, the court misapplied the law regarding judicial notice. *Wood v. Krenz*, 392 N.W.2d 395, 396 (N.D. 1986) (a judge cannot take judicial notice of his personal experience in private practice paired with differing statements of industry customs to declare a custom or a fact as being generally known); *see Guyton v. Monteau*, 332 S.W.3d 687, 692 (Tex. App. 2011) (personal knowledge of judge is not judicial knowledge); *In re C.L.*, 304 S.W.3d 512, 515 (Tex. App. 2009) (a court cannot take judicial notice of a fact just because the judge's recollection of a previous proceeding); *City of Beaver Dam v. Cromheecke*, 587 N.W.2d 923, 926 n.3 (Wis. Ct. App. 1998) (although a judge knows a fact to be true, that alone is not sufficient to show that fact is generally known within the territorial jurisdiction); *O'Neill v. Dep't of Revenue*, 227 Mont. 226, 739 P.2d 456, 459-60 (1987) (concluding a court could not take judicial notice a motel did not generate business similar to other motels in the area as it was based on the judge's own impressions and not commonly known nor an ascertainable fact). We conclude the court abused its discretion by taking judicial notice that it was common knowledge Wells Fargo was the successor to Norwest and as a result, notice by publication was insufficient to provide notice of the proceedings to Wells Fargo.

[¶25] Although we conclude the district court abused its discretion by taking judicial notice, the court determined this case is worthy of relief under Rule

60(b)(6) based on several factors, not just the determination Schleve failed to make a reasonable diligent effort to effect service on Wells Fargo or to determine if Norwest was merged into another entity. These included Schleve's indication that the determination of heirship and successors was not intended as a quiet title action, the lack of evidence presented indicating interested parties have altered their positions since the petition was executed and mineral rights have been dispersed, and concerns the orders are inconsistent with the last wishes of Caleb Heath.

[¶26] The district court ultimately concluded "[Schleve's] actions in the two probates lend themselves to the perception that Schleve's conduct was a known attempt to circumvent what were the outcomes in those matters," and there "constitutes extraordinary circumstances which justify the relief requested." As the court's determination is a product of a rational mental process by which the facts and law relied, it did not abuse its discretion in determining whether relief was warranted under Rule 60(b)(6).

[¶27] While the district court's findings of fact would not indicate an abuse of discretion in its determination, the court's lack of findings regarding Wells Fargo bringing the motion in a reasonable time is problematic. The court's only reference regarding timeliness is:

> Schleve's argument that Wells Fargo took too long to file its Motion to Vacate has merit, but the Court concludes that it is but one factor to consider and, after consideration of all of the circumstances, is not outcome determinative.

[¶28] This is an incorrect application of the law, as under N.D.R.Civ.P. 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time"; if not found to be made within a reasonable time, the motion must be denied. The findings present in the district court order that Wells Fargo "took too long to file its Motion to Vacate has merit," but "is not outcome determinative" is not sufficient to make a finding that the Rule 60(b)(6) motion was timely. We conclude the court abused its discretion in granting the Rule 60(b)(6) motion vacating the order determining heirs and successors in the matter of the Estate of Caleb C. Heath without sufficient findings related to timeliness.

10

# V

[¶29] We conclude the district court abused its discretion in granting the N.D.R.Civ.P. 60(b)(4) motion in the matter of the Estate of Viola J. Heath, 13-2015-PR-00016, as the Dunn County District Court did have subject matter jurisdiction to issue the order; however, we reverse and remand for further determination relating to whether the Dunn County District Court had personal jurisdiction over the matter, and Wells Fargo's N.D.R.Civ.P. 60(b)(6) motion to vacate the judgment. Additionally, we conclude the district court abused its discretion in granting the Rule 60(b)(6) motion in the matter of the Estate of Caleb C. Heath, 13-2016-PR-00017, without sufficient findings related to timeliness and reverse and remand for a determination. We affirm in part, reverse in part, and remand.

[¶30] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr