2011 ND 219

### In the Matter of the ESTATE OF Ralph BARTELSON, deceased.

### Jean Valer and Jane Haught, Petitioners and Appellees

v.

### Neil Bartelson and Diane Fischer and Guardian and Protective Services, Personal Representative, Respondents.

### Neil Bartelson and Diane Fischer, Appellants.

### No. 20110114.

Supreme Court of North Dakota.

Nov. 15, 2011.

William C. Severin (argued), Bismarck, ND, for appellees.

Clark J. Bormann (argued) and Sophie Y. Morgan (appeared), Bismarck, ND, for appellants.

KAPSNER, Justice.

[¶ 1]  Neil Bartelson and Diane Fischer appeal from a district court order that concluded the court did not have jurisdiction to decide whether funds expended prior to the appointment of a guardian and conservator were misappropriated.  We conclude the court erred in determining it did not have jurisdiction over the misappropriation claim, and we reverse and remand for further proceedings.

I

[¶ 2]  Ralph Bartelson had four children—Jean Valer, Jane Haught, Neil Bartelson, and Diane Fischer.  The children agreed that Ralph Bartelson would move into Valer's home and that Valer would be paid for her services to him.  While living with Valer, Ralph Bartelson established a joint checking account, naming both Valer and Haught co-owners with rights of survivorship and allowing them to issue checks from the account.  Neil Bartelson and Fischer alleged that Valer and Haught made inappropriate withdrawals from Ralph Bartelson's account, and Neil Bar-

telson petitioned for the appointment of a guardian and conservator for Ralph Bartelson. On July 8, 2008, the parties entered into a settlement agreement that was approved by the court. Under the agreement, Valer was appointed guardian of Ralph Bartelson, and Guardian and Protective Services, Inc. ("GAPS") was appointed conservator. The agreement also provided:

> [T]he conservator ... will be empowered to investigate and pursue any inappropriate expenditures from the ward's funds if the conservator deems it appropriate so to do.... [T]ransfers Ralph made to Jean Valer, Jane Haught and Diane Fischer in December of 2007 of $12,000 and in January of 2008 of $60,000 will not be contested but all other transfers are subject to review by the conservator.

[¶ 3] Ralph Bartelson died on August 23, 2008, and his will was admitted to informal probate. Valer and Haught were initially appointed as co-personal representatives of Ralph Bartelson's estate, but Neil Bartelson and Fischer later requested the appointment of an alternative representative. On March 26, 2009, the parties entered into a stipulation, agreeing that GAPS would be substituted as the personal representative of the estate and petitioning the court for formal probate. The next day, the court filed an order consistent with the parties' stipulation, placing the probate proceedings in formal status.

[¶ 4] GAPS subsequently filed a motion for court approval of compensation to Valer for residential damages incurred while caring for Ralph Bartelson. GAPS also sought court approval of payments to Valer and Haught for their time and costs while acting as personal representatives of Ralph Bartelson's estate. Neil Bartelson and Fischer objected to the expenditures requested and maintained their allegation that Valer and Haught had misappropriated Ralph Bartelson's funds. On March 29, 2010, the parties filed a stipulation that provided for payment of the expenditures requested in GAPS's motion, but conditioned the payments upon the parties reaching a settlement agreement or abiding by a court judgment on the misappropriation of funds issue, among others. The March 29, 2010, stipulation also stated, "The parties agree to cooperate with [GAPS] in the preparation of an inventory and accounting of assets, income, withdrawals and deposits and agree that G[A]PS may retain the services of a CPA or forensic accountant to assist it in analyzing the claims."

[¶ 5] GAPS then retained Terry Daffinrud, a CPA with forensic accounting experience, to review transfers of Ralph Bartelson's assets to his family members. While Daffinrud was able to provide a summary of funds expended from Ralph Bartelson's estate and a list of amounts received by various family members, Daffinrud was unable to determine, because of a lack of documentation, the reason the family members received these amounts. After Daffinrud's review, GAPS did not pursue a misappropriation claim against Valer and Haught.

[¶ 6] The parties remained unable to reach a settlement agreement, and a bench trial was held. Following trial, the court issued an order stating it did not have jurisdiction over claims of misappropriation that occurred prior to July 8, 2008, when the court appointed a guardian and conservator for Ralph Bartelson.

## II

[¶ 7] Neil Bartelson and Diane Fischer (Bartelson and Fischer) argue the court had jurisdiction over their claims of misappropriation against Valer and Haught and contend Valer and Haught

misappropriated Ralph Bartelson's funds during his lifetime. Because the court determined it did not have jurisdiction over the misappropriation claim, the court made no findings on that issue, and only the jurisdictional argument will be considered on appeal.

[¶ 8] "When the jurisdictional facts are not in dispute, the question of subject-matter jurisdiction is a question of law, and we review the jurisdiction decision de novo." *Gustafson v. Estate of Poitra*, 2011 ND 150, ¶ 9, 800 N.W.2d 842 (quoting *Rolette Cnty. Soc. Serv. Bd. v. B.E.*, 2005 ND 101, ¶ 6, 697 N.W.2d 333). De novo review is appropriate in this case because the jurisdictional facts are not in dispute.

[¶ 9] Subject-matter jurisdiction of probate matters is governed by N.D.C.C. § 30.1-02-02:

The district court has jurisdiction over *all subject matter relating to* guardianship, *probate*, and testamentary matters, including:

1. *Estates of decedents*, including construction of wills and determination of heirs and successors of decedents.

2. Estates of protected persons.

3. *Protection of minors and incapacitated persons.*

4. Trusts.

(Emphasis added.) Section 30.1-12-05, N.D.C.C., which is North Dakota's adoption of § 3-105 of the Uniform Probate Code, provides:

Persons interested in decedents' estates may ... petition the court for orders in formal proceedings within the court's jurisdiction.... *The court has exclusive jurisdiction of formal proceedings* to determine how decedents' estates subject to the laws of this state are to be administered, expended, and distributed, *including actions to determine title to property alleged to belong to the estate ....*

(Emphasis added.) The Official Comment to U.P.C. § 3-105 states, "The important point is that the ... court ... should have *unlimited power to hear and finally dispose of all matters relevant to determination of the extent of the decedent's estate and of the claims against it.*" (Emphasis added.)

[¶ 10] In this case, the district court stated:

The jurisdiction of this court in the probate of the estate of any decedent is limited as set forth in § 30.1-12-05, N.D.C.C. Claims for misapplication of entrusted property or misuse of power of attorney in fact, occurring prior to the filing of a guardianship and thereafter an estate, are not within the jurisdiction of the court in the probate of the decedent's estate. Additionally, where the conservator and subsequent personal representatives have filed no claim against an heir in the probate proceeding, any claims by a co-heir of said estate must be asserted in a separate cause of action.

Bartelson and Fisher argue the court's conclusion that it did not have jurisdiction over their misappropriation claim is erroneous as a matter of law. We agree.

[¶ 11] Section 30.1-12-05, N.D.C.C., expressly vests exclusive jurisdiction of formal probate proceedings in the court, allowing the court to determine title to property allegedly belonging to the estate. Determining what property constitutes the estate goes to the very nature of the probate proceeding, and claims of misappropriation of a decedent's funds lie squarely within the jurisdiction of the court.

[¶ 12] GAPS, as the personal representative for Ralph Bartelson's estate, "has

the same standing to sue and be sued in the courts of this state ... as the decedent had immediately prior to death." N.D.C.C. § 30.1–18–03(3). As conservator for Ralph Bartelson, GAPS had the ability to "[p]rosecute or defend actions, claims, or proceedings in any jurisdiction for the protection of estate assets and of the conservator in the performance of the conservator's duties." N.D.C.C. § 30.1–29–24(3)(x). GAPS has never stated on the record that no valid claim of misappropriation exists against Valer and Haught; rather, GAPS simply did not pursue such a claim while acting as conservator. GAPS was appointed conservator on July 8, 2008, and Ralph Bartelson died on August 23, 2008. The personal representative of an estate has a duty to collect the assets of the estate and the authority to assert claims that property has been misappropriated. *See* N.D.C.C. §§ 30.1–18–03(3), –09 ("The personal representative shall ... take all steps reasonably necessary for the management, protection, and preservation of, the estate. . . . The personal representative may maintain an action to recover possession of property or to determine the title thereto."). Such claims can proceed in the probate proceeding.

[¶ 13] We hold only that, to the extent the district court held "[c]laims for misapplication of entrusted property or misuse of power of attorney in fact, occurring prior to the filing of a guardianship and thereafter an estate, are not within the jurisdiction of the court in the probate of the decedent's estate[,]" the court erred. Under N.D.C.C. § 30.1–18–03, the personal representative had standing to sue in the capacity of the decedent for misappropriation of the decedent's property occurring before the decedent's death. The action in probate may be limited by the applicable statute of limitations under N.D.C.C. § 30.1–12–09. We make no comment on the merits of such action in the context of these proceedings except to find error in the district court's holding that it could not entertain such action had it been brought.

[¶ 14] Likewise, we make no comment on whether Bartelson and Fischer have standing to assert a misappropriation claim against Valer and Haught at this point. We have stated:

A party is entitled to have a court decide the merits of a dispute only after demonstrating the party has standing to litigate the issues placed before the court. . . . A person cannot invoke the jurisdiction of the court to enforce private rights or maintain a civil action for the enforcement of those rights unless the person has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. Litigants cannot by consent, either passive or express, dispense with necessary parties, or confer upon a person who does not have a sufficient interest in a controversy entitlement to bring suit.

*Nodak Mut. Ins. Co. v. Ward Cnty. Farm Bureau*, 2004 ND 60, ¶ 11, 676 N.W.2d 752 (quoting *Rebel v. Nodak Mut. Ins. Co.*, 1998 ND 194, ¶ 8, 585 N.W.2d 811) (citations omitted).

[¶ 15] As the personal representative, GAPS "is a fiduciary who shall observe the standards of care applicable to trustees. . . . The personal representative shall use the authority conferred upon the personal representative ... for the best interests of successors to the estate." N.D.C.C. § 30.1–18–03(1). The breach of that fiduciary duty subjects the personal representative to legal action by interested persons. N.D.C.C. § 30.1–18–12; *Lindemann v. Lindemann*, 336 N.W.2d 112,

115–16 (N.D.1983). The term "interested person" includes:

> heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person. The term also includes persons having priority for appointment as personal representative and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding.

N.D.C.C. § 30.1–01–06(25). On remand, the district court must determine whether Bartelson and Fischer have standing to assert their misappropriation claim when they did not allege that GAPS breached its fiduciary duty by not filing such a claim against Valer and Haught.

III

[¶ 16] In accordance with our holding that the plain language of N.D.C.C. § 30.1–12–05 grants to the court the exclusive jurisdiction of formal probate proceedings, including actions to determine title to property allegedly belonging to the estate, we reverse and remand for further proceedings consistent with this opinion.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.