2011 ND 170

Kathy WOLT, Plaintiff and Appellee,

v.

Steve WOLT, Defendant and Appellant.

No. 20100294.

Supreme Court of North Dakota.

Aug. 26, 2011.

Suzanne Marie Schweigert (argued) and Stacy Mae Moldenhauer (on brief), Bismarck, N.D., for plaintiff and appellee.

Justin Dale Hager, Bismarck, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Steve Wolt appealed from an order denying his motion to amend a divorce judgment. We conclude the district court did not err in denying an evidentiary hearing on his motion to award him primary residential responsibility of his children and did not err in awarding Kathy Wolt attorney's fees. We also conclude, however, the court erred in denying Steve Wolt a hearing on his motion to amend his parenting time. We affirm in part, reverse in part, and remand for further proceedings.

I

[¶ 2] Kathy Wolt and Steve Wolt were married in 1994 and have three minor children. The parties' final divorce judgment was entered in March 2009, awarding Kathy Wolt primary residential responsibility of the children and granting Steve Wolt supervised parenting time. This Court affirmed the divorce judgment in *Wolt v. Wolt*, 2010 ND 26, 778 N.W.2d 786 ("*Wolt I* "), and affirmed a domestic violence protection order against Steve Wolt in *Wolt v. Wolt*, 2010 ND 33, 778 N.W.2d 802 ("*Wolt II* "). After the parties' March 2009 divorce judgment, Steve Wolt exercised two visits at the Family Safety Center before the Center "terminated" the supervised parenting-time services based on his failure to follow the Center's guidelines.

[¶ 3] In April 2009, the two oldest children were removed from Kathy Wolt's home, placed with social services, and sub-

sequently adjudicated as unruly in juvenile court. The youngest child remains in Kathy Wolt's custody. In juvenile court proceedings, Kathy Wolt admitted the children were deprived. After a July 2009 dispositional hearing, the two oldest children were placed with social services until April 2010. After a further hearing in January 2010, the juvenile court found the two oldest children were deprived, continuing social services custody until January 2011. The juvenile court found the two older children were deprived because of Steve Wolt's "intentional and systematic efforts to alienate the children from Kathy and to undermine Kathy's custody, authority and control of the children." The court further found "these actions motivated [the two older children] to engage in unruly conduct, which in turn, caused them to be adjudicated as unruly children and placed in foster care." The juvenile court further found that "[w]ith regard to Kathy, the children are deprived because the alienation and disrespect that Steve has instilled in [the oldest children] towards Kathy, have caused such a serious disruption in their relations that Kathy can no longer provide proper parental care and control for [them], even though she obviously wishes to do so."

[¶ 4] In May 2010, three months after this Court's decisions in *Wolt I* and *Wolt II,* and within two years after the district court made its initial primary residential responsibility decision, Steve Wolt moved to amend the divorce judgment to change primary residential responsibility of the children and requested an evidentiary hearing. Steve Wolt alternatively sought to amend his parenting time with the children and requested a hearing.

[¶ 5] The district court denied Steve Wolt's motion to modify the judgment and awarded Kathy Wolt $1,000 in attorney's fees, concluding the motion was frivolous.

Steve Wolt moved the court for relief from its order under N.D.R.Civ.P. 60, based in part on "new evidence" in the form of a psychological consultation report. The court denied Steve Wolt's request for relief.

## II

[¶ 6] Steve Wolt argues the district court erred in denying him an evidentiary hearing on his motion to amend the judgment to change primary residential responsibility. He argues he was entitled to an evidentiary hearing because he established a prima facie case under N.D.C.C. § 14–09–06.6(5)(a) and (b).

[¶ 7] Section 14–09–06.6(5), N.D.C.C., limits the district court's authority to modify an award of primary residential responsibility within two years of the original decision, and states:

> The court may not modify the primary residential responsibility within the two-year period following the date of entry of an order establishing primary residential responsibility unless the court finds the modification is necessary to serve the best interest of the child and:
>
> a. The persistent and willful denial or interference with parenting time;
>
> b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or
>
> c. The residential responsibility for the child has changed to the other parent for longer than six months.

Further, N.D.C.C. § 14–09–06.6(4) requires:

> A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response

and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

The moving party has the burden to establish a prima facie case to obtain an evidentiary hearing on the motion. N.D.C.C. § 14–09–06.6(8).

[¶ 8] This Court has explained the requirements for a prima facie case:

A prima facie case does not require facts which, if proved, would mandate a change of custody as a matter of law. A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. A prima facie case is only enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor. It is a bare minimum.

*Green v. Green*, 2009 ND 162, ¶ 7, 772 N.W.2d 612 (quotations and citation omitted).

[¶ 9] Whether a prima facie case has been established is a question of law, which we review under a de novo standard of review. *Green*, 2009 ND 162, ¶ 5, 772 N.W.2d 612. The party opposing a motion for a change of primary residential responsibility can rebut a prima facie case by presenting evidence demonstrating the moving party is not entitled to a modification. *Green*, at ¶ 8. " 'When the opposing party presents counter-affidavits that conclusively show the allegations of the moving party have no credibility, or when the movant's allegations are, on their face, insufficient to justify custody modification, the district court, under N.D.C.C. § 14–09–06.6(4), can find the moving party has

not established a prima facie case and deny the motion without an evidentiary hearing.' " *Green*, at ¶ 8 (quoting *Frueh v. Frueh*, 2008 ND 26, ¶ 7, 745 N.W.2d 362). The court may not weigh conflicting allegations in deciding whether a prima facie case has been established. *Green*, at ¶ 8; *Frueh*, at ¶ 13. "[A]llegations alone do not establish a prima facie case, affidavits must include competent information, which usually requires the affiant have first-hand knowledge, and witnesses are generally not competent to testify to suspected facts." *Ehli v. Joyce*, 2010 ND 199, ¶ 7, 789 N.W.2d 560. Affidavits are not competent when they do not show a basis for actual personal knowledge or when they state conclusions without supporting evidentiary facts. *Ehli*, at ¶ 7; *Green*, at ¶ 13.

[¶ 10] Steve Wolt argues he established a prima facie showing that Kathy Wolt persistently and willfully frustrated his parenting time and that "a deterioration in the custodial home" endangered the children's physical or emotional well-being. In support of his motion, Steve Wolt submitted his own affidavit, which identified his difficulties with supervised visitation, social services involvement with the family, Kathy Wolt's alleged efforts to alienate the youngest child from him, and his positive steps to demonstrate his ability to parent. He also submitted exhibits, including other court orders and transcript excerpts, various correspondence, and other affidavits from family members. He asserts that he had not seen the youngest child between April 2009 and May 2010, that Kathy Wolt denied his supervised parenting time at the Family Safety Center between March and May 2010, that she denied him phone contact with the youngest child, and that she had extended this alienation to his family. Steve Wolt also contends that the two oldest children had been removed

from the custodial home and placed in foster care, that Kathy Wolt indicated to the juvenile court she did not want the two children living in her home, and that the two children's juvenile court testimony indicated they wanted to spend more time with him.

[¶ 11] Kathy Wolt submitted evidence demonstrating the children were placed with social services because of Steve Wolt's continuing parental alienation. She submitted her own affidavit, contesting his assertions and explaining the circumstances surrounding her denial of his supervised visitation. She also submitted exhibits, including the original divorce decision, which found Steve Wolt had alienated the children from her and ordered supervised visitation, correspondence from the Family Safety Center terminating visitation services, various juvenile court orders, and this Court's opinion in *Wolt I*. Kathy Wolt argues her responses show the older children would be in an environment that would endanger their physical or emotional well-being if they were placed in Steve Wolt's care. She contends Steve Wolt was responsible for his own failure to receive parenting time based on his inability to follow the Center's guidelines, which prevented him from using the Center's supervised visitation services from April 2009 to March 2010. However, in March 2010, Kathy Wolt also claims that after the Center again permitted Steve Wolt to use the facility for supervised parenting time, she was advised by social services that visitation was not in the youngest child's best interest.

[¶ 12] In denying Steve Wolt's motion, the district court stated:

> While counsel for Steve Wolt argues the Court is required to accept the truth of his client's affidavits, the Court is not required to accept those affidavits in a vacuum. The Court has reviewed the massive file in this matter, has heard orders to show cause involving the judgment entered in this matter and takes judicial notice of the files in district court and juvenile court involving the parties and their children.

[¶ 13] After discussing the prior proceedings, the court concluded:

> Based on the record in this case, and related cases, it is clear that Steve Wolt's motion to modify custody is an attempt to continue to harass and exert control over Kathy Wolt. Although Steve Wolt has requested additional time to present further information from a counselor, it is unclear how such information would be relevant, and the Court is unwilling to prolong this misuse of the judicial system.
>
> Steve Wolt had complained that Kathy Wolt was not complying with provisions of the judgment concerning his parenting time with the youngest child. I found that Kathy Wolt was not in contempt of court, but required that she comply with the terms of the judgment permitting supervised visits at the Family Safety Center (if they will allow such visits) and monitored telephone calls if there is a suitable arrangement for a third party to monitor the telephone calls.

[¶ 14] Steve Wolt argues that the district court erred because the court did not analyze his affidavits, did not state why his motion was denied, and incorporated or weighed testimony and the parties' demeanor from prior hearings.

[¶ 15] A district court does not operate in a vacuum and may take judicial notice of its prior orders. *See North Dakota State Bd. of Med. Exam'rs v. Hsu*, 2007 ND 9, ¶ 40, 726 N.W.2d 216; *Minar v. Minar*, 2001 ND 74, ¶ 20, 625 N.W.2d 518; *see also Interest of J.C.*, 2007 ND 111,

¶ 9, 736 N.W.2d 451 ("[I]n parental termination proceedings, due process and notice requirements prohibit a juvenile court from taking judicial notice of testimony in proceedings where termination is not an issue, but where termination is a culmination of prior proceedings the court need not operate in a vacuum regarding the results of those proceedings and may take judicial notice of orders in prior proceedings."); *Interest of T.T.*, 2004 ND 138, ¶ 10, 681 N.W.2d 779 ("Although a juvenile court does not have jurisdiction over divorce-related custody proceedings, a juvenile court need not operate in a vacuum and may take judicial notice of orders in other proceedings.").

[¶ 16] Based upon our de novo review of the record, we conclude that Kathy Wolt's affidavit and supporting information clearly establish Steve Wolt's allegations were not credible. We further conclude the district court did not err in taking judicial notice of its prior orders. To the extent the court may have considered testimony from other proceedings not submitted as part of the motions, we have based our de novo review on the record before us. In evaluating the parties' affidavits and submissions, we conclude the district court did not err in denying Steve Wolt's motion based on his failure to establish a prima facie case.

[¶ 17] On this record and our de novo review, we conclude the district court properly denied Steve Wolt's motion to change primary residential responsibility.

## III

[¶ 18] Steve Wolt argues the district court erred in denying his request for a hearing on his motion to amend his parenting time.

[¶ 19] A district court retains continuing jurisdiction to address post-judgment issues about parenting time, and the limitations in N.D.C.C. § 14–09–06.6 for post-judgment modifications of primary residential responsibility do not apply to parenting time modifications under N.D.C.C. § 14–05–22. *See Prchal v. Prchal*, 2011 ND 62, ¶ 19, 795 N.W.2d 693; *Helfenstein v. Schutt*, 2007 ND 106, ¶ 17, 735 N.W.2d 410. Generally, to modify parenting time, "the moving party must demonstrate that a material change in circumstances has occurred since entry of the previous [parenting time] order and that the modification is in the best interests of the child." *Dufner v. Trottier*, 2010 ND 31, ¶ 6, 778 N.W.2d 586. "A 'material change in circumstances' sufficient to amend a [parenting time] order is similar to, but is distinct from, a 'material change in circumstances' sufficient to change [primary residential responsibility]." *Young v. Young*, 2008 ND 55, ¶ 13, 746 N.W.2d 153. The standard set forth in our case law governs modification of a parenting time decision. *See Young*, at ¶ 13; *Helfenstein*, at ¶ 16. We have defined a "material change in circumstances" for modifying parenting time as "important new facts that were unknown at the time of the initial custody decree" or initial parenting time order. *Helfenstein*, at ¶ 18.

[¶ 20] Steve Wolt contends the district court's order in this case failed to address the merits of his parenting time motion and he was entitled to a hearing under N.D.R.Ct. 3.2(a)(3), which provided in part:

If any party who has timely served and filed a brief requests oral argument, *the request must be granted.* A timely request for oral argument must be granted even if the movant has previously served notice indicating that the motion is to be decided on briefs. The party requesting oral argument shall secure a time for the argument and serve notice upon all other parties.

(Emphasis added.)

[¶ 21] In his motion to amend the judgment and to change custody, Steve Wolt

requested a hearing, and he alternatively requested a hearing on his motion to amend parenting time. As we have said, the limitation in obtaining an evidentiary hearing for purposes of modifying primary residential responsibility within two years of a decree under N.D.C.C. § 14–09–06.6 does not apply to motions to amend parenting time under N.D.C.C. § 14–09–22. *See Helfenstein*, at ¶ 17. Steve Wolt requested a hearing on his request to change parenting time in the event that he was denied an evidentiary hearing on his motion to modify primary residential responsibility.

[¶ 22] In *Dietz v. Dietz*, 2007 ND 84, ¶¶ 20–21, 733 N.W.2d 225, a party requested the district court to hear his contempt motion with his motion to modify custody, but if the court held he failed to establish a prima facie case, he would schedule and serve notice for the contempt motion hearing. *Id.* at ¶ 21. The court subsequently denied his contempt motion without a hearing after deciding he failed to established a prima facie case for custody modification. *Id.* On appeal, we held the district court erred in denying the contempt motion hearing. *Id.*

[¶ 23] Here, Steve Wolt made an alternate motion for parenting time and requested a hearing under N.D.R.Ct. 3.2. Under N.D.R.Ct. 3.2(a)(3), the request for a hearing on parenting time should have been granted, and nothing in the record indicates Steve Wolt waived a hearing on the issue. *See Lawrence v. Delkamp*, 2006 ND 257, ¶¶ 7–12, 725 N.W.2d 211 (holding no voluntary, knowing waiver of a hearing request under N.D.R.Ct. 3.2(a)). We therefore conclude the district court erred in denying Steve Wolt a hearing on his alternate motion to amend parenting time.

## IV

[¶ 24] Steve Wolt argues the district court erred in sanctioning him for bringing his motions. In her motion for sanctions, Kathy Wolt asserted she was entitled to sanctions under N.D.R.Civ.P. 11, N.D.C.C. § 28–26–01, and N.D.C.C. § 28–26–31. In her response to Steve Wolt's motion, she requested attorney's fees under N.D.C.C. § 28–26–01(2).

[¶ 25] Although Steve Wolt contends the district court erred, in part, because the court did not provide the authority upon which it awarded the attorney's fees, the court's findings are sufficient to understand the basis for the award was N.D.C.C. § 28–26–01(2), which authorizes attorney's fees if a claim for relief is frivolous and "there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor." Under N.D.C.C. § 28–26–01(2), the district court "must first determine whether a claim is frivolous. If the court makes that determination, the court must then award reasonable attorney's fees to the prevailing party." *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 84 (N.D.1991); *see also Strand v. Cass County*, 2008 ND 149, ¶ 11, 753 N.W.2d 872.

[¶ 26] The district court's discretion under this statute "lies in determining whether a particular claim is frivolous." *Strand*, 2008 ND 149, ¶ 13, 753 N.W.2d 872. A court also retains discretion under the statute to decide the amount and reasonableness of an attorney's fee award. N.D.C.C. § 28–26–01(2); *Strand*, at ¶ 13. "Frivolous claims are those which have such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in [that person's] favor." *Deacon's Development, LLP, v. Lamb*, 2006 ND 172, ¶ 12, 719 N.W.2d 379 (quotation omitted). An award under N.D.C.C. § 28–26–01(2) will

only be disturbed on appeal if the district court abuses its discretion. *Deacon's Development,* at ¶ 12. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law. *Strand,* at ¶ 18.

[¶ 27] In denying Steve Wolt's motion to amend the judgment to change custody, the district court found his motion was "an attempt to continue to harass and exert control over Kathy Wolt." In awarding attorney's fees, the court further stated:

> Because I conclude that the motion to amend the judgment and to change custody is frivolous and completely lacking in facts or law which would lead a reasonable person to believe a court would render judgment in Steve Wolt's favor, I award attorney fees to Kathy Wolt in an amount of up to $1,000, if supported by an affidavit by her attorney which establishes those fees were expended.

The language used by the district court tracks the statutory language of N.D.C.C. § 28–26–01(2) and is sufficient to understand the basis for the award.

[¶ 28] We conclude the court's decision to award Kathy Wolt $1,000 in attorney's fees was not arbitrary, unreasonable, or unconscionable, and was the product of a rational mental process leading to a reasoned decision. We therefore conclude the district court did not abuse its discretion in awarding Kathy Wolt attorney's fees for responding to the motion to change custody. However, because we are remanding for a hearing on Steve Wolt's motion for parenting time, to the extent the district court determines that its prior award of sanctions was based on Steve Wolt's alternate motion to amend parenting time, the court may revisit its prior award of attorney's fees for that issue.

V

[¶ 29] Steve Wolt argues the district court erred as a matter of law in denying his motion for relief under N.D.R.Civ.P. 60.

[¶ 30] Rule 60(b), N.D.R.Civ. P., permits a court to grant relief from a final judgment or order for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." A district court's decision on a motion under N.D.R.Civ.P. 60(b) for relief from a judgment or order is reviewed on appeal for an abuse of discretion. *Vanderscoff v. Vanderscoff,* 2010 ND 202, ¶ 9, 790 N.W.2d 470. "The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances." *Laib v. Laib,* 2008 ND 129, ¶ 16, 751 N.W.2d 228. We have also said a district court does not abuse its discretion when "the purported newly discovered evidence would not have changed the outcome of the judgment." *Gustafson v. Poitra,* 2008 ND 159, ¶ 24, 755 N.W.2d 479.

[¶ 31] Steve Wolt contends that he demonstrated sufficient grounds for relief under N.D.R.Civ.P. 60 with a new report by Dr. Stephan Podrygula that was unavailable at the time of his original motion. However, Dr. Podrygula's report is not the type of "newly discovered evidence" that could not have been obtained earlier and presented with his initial motion to change custody. Rather, Steve Wolt effectively chose to bring his initial motion without that report. Additionally, the report does not recommend a change of custody to Steve Wolt, rather it recommends increasing Steve Wolt's involvement with his children, appointing a parenting coordinator, and attempting "therapeutic intervention"

with the parents. Dr. Podrygula's report does suggest, however, that a less restrictive visitation schedule may be beneficial.

[¶ 32] In the original divorce judgment, the district court stated: "When the counselors make a recommendation to the Court for more and less restrictive visitation, the Court will consider a new and increased visitation schedule." Because we are remanding for a hearing on Steve Wolt's motion to amend parenting time, this report may be considered, as well as any other developments relevant to the district court's analysis for purposes of modifying parenting time.

[¶ 33] We affirm the district court's orders denying Steve Wolt's motion to amend primary residential responsibility and awarding Kathy Wolt attorney's fees. We remand to the district court to provide Steve Wolt a hearing under N.D.R.Ct. 3.2 on his motion to amend parenting time. We also reject Steve Wolt's request on appeal for a new judge to be assigned to this case.

### VI

[¶ 34] Kathy Wolt's request for attorney's fees for this appeal under N.D.C.C. § 14–05–23 is denied. The district court's order is affirmed in part, reversed in part, and remanded for further proceedings.

[¶ 35] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, EVERETT NELS OLSON, S.J., and GEORGIA DAWSON, S.J., concur.

[¶ 36] The Honorable GEORGIA DAWSON, S.J., and the Honorable EVERETT NELS OLSON, S.J. sitting in place of SANDSTROM, J. and CROTHERS, J., disqualified.