2012 ND 25

STATE of North Dakota, County of Cass, ex rel., Maria Janelle SEIBOLD, and KCS, a minor child, Plaintiffs.

Maria Janelle Seibold, Appellant,

v.

Paul Ronald LEVERINGTON, Defendant and Appellee.

No. 20110152.

Supreme Court of North Dakota.

Feb. 17, 2012.

Julie Ann Oster, Fargo, N.D., for appellant.

Donavin L. Grenz, Linton, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1]  Maria Seibold appeals from a district court order denying her motions for a second amended judgment and to hold Paul Leverington in contempt and denying her request for a hearing on her motions. We conclude the court erred in denying Seibold's motions without providing her with sufficient time to schedule a hearing. We reverse the court's order and remand for further proceedings.

I

[¶ 2]  Seibold and Leverington have one child together.  In 2006, a judgment was entered finding Leverington is the child's natural father, awarding Seibold sole legal and physical custody of the child, and awarding Leverington visitation.

[¶ 3] In 2009, Leverington moved to modify custody. After a hearing, the district court entered an order finding there was a material change in circumstances and it was in the child's best interests to modify custody. The court awarded Leverington sole legal and physical custody of the child and awarded Seibold visitation. The court also addressed the parties' parental rights and responsibilities and ordered that both parents have certain rights and duties related to the child, including the right to access and obtain copies of certain records related to the child and the right to contact the child by phone. An amended judgment was entered in September 2009.

[¶ 4] On March 4, 2011, Seibold moved for a second amended judgment and to hold Leverington in contempt. Seibold requested the court award her additional parenting time for the child, award the parties' joint decisionmaking responsibility for the child, and order the parties to use a parenting time coordinator to settle disputes. Seibold requested the court find Leverington in contempt for not allowing her access to information about the child and reasonable access to the child by telephone, and she requested the court award her compensatory parenting time and attorney's fees for bringing the contempt motion. Seibold filed an affidavit in support of her motions and asked the court to set a date for an evidentiary hearing on her motions.

[¶ 5] On March 17, 2011, Leverington responded to Seibold's motions for contempt and a second amended judgment. Leverington argued Seibold was not entitled to an evidentiary hearing and her motion should be denied because she failed to establish a prima facie case justifying modification of primary residential responsibility and she failed to establish that a material change in circumstances had oc-

curred and that it was in the child's best interests to modify parenting time. Leverington also argued Seibold's motion for contempt was frivolous and without merit.

[¶ 6] On March 21, 2011, the district court denied Seibold's motions without holding a hearing. The court found Seibold failed to establish a prima facie case to modify parenting time, she failed to present substantial evidence that a significant change of circumstances had occurred, and she was not entitled to a hearing on her motion. The court found Seibold had used the court to frustrate Leverington through significant filings, and advised Seibold that the court "will not hesitate to impose attorney's fees in the future, unless a compelling case is made with a motion." The court denied both Seibold's motion for a second amended judgment and to hold Leverington in contempt.

## II

[¶ 7] Seibold argues the district court erred in denying her request for an evidentiary hearing on her motions for contempt and a second amended judgment.

## A

[¶ 8] Seibold argues the district court erred in denying her motion for contempt without holding an evidentiary hearing. She contends Leverington has failed to comply with the amended judgment, which provides that both parties have the right to access the child's educational and medical records and the right to have access to the child by telephone. She claims she provided notice of her request for a hearing, she did not waive her right to a hearing, and she is entitled to a hearing under N.D.C.C. § 27–10–01.3.

[¶ 9] Section § 27–10–01.3(1)(a), N.D.C.C., provides the procedure for im-

posing a remedial sanction for contempt and states:

> The court on its own motion or motion of a person aggrieved by contempt of court may seek imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may impose a remedial sanction authorized by this chapter.

Section 27–10–01.3(1)(a), N.D.C.C., requires notice and a hearing on a motion for imposing a remedial sanction for contempt. Rule 3.2, N.D.R.Ct., applies to motions for contempt and provides the procedure for submitting a motion and requesting a hearing on the motion. *See Lawrence v. Delkamp*, 2006 ND 257, ¶ 9, 725 N.W.2d 211. Under N.D.C.C. § 27–10–01.3 and N.D.R.Ct. 3.2(a)(3), a timely request for oral argument on a motion for contempt must be granted, if the requesting party schedules and serves notice of the hearing. *See also Dietz v. Dietz*, 2007 ND 84, ¶ 21, 733 N.W.2d 225; *Lawrence*, 2006 ND 257, ¶ 9, 725 N.W.2d 211.

[¶ 10] Seibold's motion and brief included a request for a hearing on the motion. Seibold provided notice of her request for a hearing and there is nothing in the record to indicate she waived a hearing on the motion. We conclude Seibold was entitled to a hearing on her motion for a remedial sanction to hold Leverington in contempt.

## B

[¶ 11] Seibold argues the district court erred in denying her request for an evidentiary hearing on her motion for a second amended judgment. She contends the court applied the wrong standard in denying her motion to modify parenting time because she was not required to establish a prima facie case justifying modifi-

cation. She claims she was entitled to a hearing on her motion and the court erred in summarily deciding the motion.

[¶ 12] The district court has continuing jurisdiction to modify parenting time after an initial judgment is entered. N.D.C.C. § 14–05–22; *see also Prchal v. Prchal*, 2011 ND 62, ¶ 10, 795 N.W.2d 693. Modifications of parenting time are governed by N.D.C.C. § 14–05–22(2) and standards set forth in caselaw. *Prchal*, at ¶ 11. " 'To modify parenting time, the moving party must demonstrate a material change in circumstances has occurred since entry of the previous parenting time order and that the modification is in the best interests of the child.' " *Id.* (quoting *Dufner v. Trottier*, 2010 ND 31, ¶ 6, 778 N.W.2d 586). A "material change in circumstances" for purposes of modifying parenting time is an important new fact that was unknown at the time of the prior custody decree or parenting time order. *Wolt v. Wolt*, 2011 ND 170, ¶ 19, 803 N.W.2d 534.

[¶ 13] A district court has authority to modify an award of primary residential responsibility under N.D.C.C. § 14–09–06.6. However, a party seeking modification of residential responsibility is not entitled to a hearing on his or her motion unless the party establishes a prima facie case justifying modification. N.D.C.C. § 14–09–06.6(4). We have explained the requirements for a prima facie case:

> "A prima facie case does not require facts which, if proved, would mandate a change of custody as a matter of law. A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. A prima facie case is only enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor. It is a bare minimum."

*Wolt,* 2011 ND 170, ¶ 8, 803 N.W.2d 534 (quoting *Green v. Green,* 2009 ND 162, ¶ 7, 772 N.W.2d 612). The limitations for obtaining an evidentiary hearing on post-judgment modifications of primary residential responsibility do not apply to modifications of parenting time under N.D.C.C. § 14–05–22. *Wolt,* at ¶¶ 19, 21; *see also Prchal,* 2011 ND 62, ¶ 19, 795 N.W.2d 693; *Simburger v. Simburger,* 2005 ND 139, ¶ 13, 701 N.W.2d 880.

[¶ 14] The district court summarily denied Seibold's motion for a second amended judgment to modify parenting time, ruling, "[Seibold] failed to establish a prima facie case. [Seibold] has failed to present substantial evidence that a significant change of circumstance has occurred. [Seibold] is not entitled to an evidentiary hearing on this matter."

[¶ 15] The court misapplied the law and erred in ruling Seibold was not entitled to an evidentiary hearing because she failed to establish a prima facie case for modification. Seibold did not move to modify primary residential responsibility; rather, she moved to modify parenting time. A parent moving for modification of parenting time under N.D.C.C. § 14–05–22 is not required to establish a prima facie case justifying modification. *See Wolt,* 2011 ND 170, ¶ 19, 803 N.W.2d 534. Seibold requested a hearing on her motion and there is nothing in the record to indicate she waived a hearing on this issue. We conclude Seibold was not required to establish a prima facie case and she was entitled to schedule and serve notice of a hearing on her motion to modify parenting time.

### C.

[¶ 16] Although Seibold was entitled to a hearing on her motions to hold Leverington in contempt and to modify parenting time, she was also required to comply with the procedural requirements of N.D.R.Ct. 3.2 for requesting a hearing. Rule 3.2(a), N.D.R.Ct., provides:

(1) Notice. Notice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested.

(2) Briefs. Upon serving and filing a motion, the moving party must serve and file a brief and other supporting papers and the opposing party must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers. The moving party may serve and file a reply brief within seven days after service of the answer brief. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted to the court, unless counsel for any party requests oral argument on the motion.

(3) Requesting oral argument. If any party who has timely served and filed a brief requests oral argument, the request must be granted. A timely request for oral argument must be granted even if the moving party has previously served notice indicating that the motion is to be decided on briefs. The party requesting oral argument must secure a time for the argument and serve notice upon all other parties. Requests for oral argument or the taking of testimony must be made not later than seven days after expiration of the time for filing the answer brief.

[¶ 17] On March 2, 2011, Seibold served her motions to hold Leverington in contempt and for a second amended judgment and her brief in support of her motions by mail, and she filed her motions on March 4, 2011. Under N.D.R.Ct. 3.2(a)(2) Leverington had 14 days after service of Seibold's motions and brief to file an an-

swering brief. Leverington filed a response to the motions on March 17, 2011. Under N.D.R.Ct. 3.2(a)(3), Seibold was required to request oral argument or the taking of testimony on her motions, schedule a hearing, and provide notice of the hearing to all other parties no later than seven days after the time expired for Leverington to file an answering brief. The court denied Seibold's motions for contempt and a second amended judgment without holding a hearing on March 21, 2011. The court denied Seibold's motions before the time to request and notice a hearing had expired. Nothing in the record indicates Seibold voluntarily, intentionally, and knowingly waived a hearing. We conclude the district court erred in denying Seibold's motions for contempt and a second amended judgment, and we reverse for further proceedings consistent with this opinion. On remand, Seibold must comply with the requirements of N.D.R.Ct. 3.2 and schedule and give notice of a hearing if she seeks a hearing on her motions, and she must serve notice of the time for the hearing within seven days of the issuance of our mandate on this appeal.

### III

[¶ 18] Seibold also requested the court modify decisionmaking responsibility for the child and award the parties joint decisionmaking responsibility. The court did not address this request in its order denying Seibold's motion for a second amended judgment.

[¶ 19] In 2009, portions of N.D.C.C. ch. 14–09 were amended and a new section was created to address decisionmaking responsibility. See N.D.C.C. § 14–09–31 (addressing decisionmaking responsibility); 2009 N.D. Sess. Laws ch. 149, § 4. Prior to the 2009 statutory amendments, the provisions of N.D.C.C. § 14–09–06.6 for limitations on postjudgment custody modifica-

tions applied to motions to modify legal custody. See Siewert v. Siewert, 2008 ND 221, ¶¶ 15–20, 758 N.W.2d 691; see also Dickson v. Dickson, 1997 ND 167, ¶¶ 8–12, 568 N.W.2d 284 (North Dakota law does not separate "physical custody" from "legal custody" and a modification of custody requires the court to find a significant change of circumstances). However, after N.D.C.C. ch. 14–09 was amended in 2009, the word "custody" was no longer used and N.D.C.C. § 14–09–06.6 now applies to postjudgment modifications of primary residential responsibility. See 2009 N.D. Sess. Laws ch. 149. Both primary residential responsibility and decisionmaking responsibility are defined in N.D.C.C. § 14–09–00.1 and are governed by separate sections of N.D.C.C. ch. 14–09. See N.D.C.C. §§ 14–09–06.6 (primary residential responsibility) and 14–09–31 (decisionmaking responsibility). On remand, the parties must brief the standard that applies to motions to modify decisionmaking responsibility and the court must determine whether decisionmaking responsibility should be modified.

### IV

[¶ 20] Leverington filed an appendix with his appellate brief, which included copies of an affidavit he filed in a separate case and the district court's order for judgment in that case. These documents are not a part of the record in this case, and we will not consider evidence outside the record. See Horob v. Farm Credit Services of North Dakota ACA, 2010 ND 6, ¶ 23, 777 N.W.2d 611. Under N.D.R.App.P. 30, parties may only include items in the appendix that are a part of the record. We have discretion in deciding whether to administer sanctions for a party's failure to comply with the Rules of Appellate Procedure by including in the appendix documents that are not a part of the record. See Horob, at ¶ 23. We note

Leverington included in the appendix documents that are not a part of the record, which is a violation of the rules and could result in sanctions if such conduct continues.

## V

[¶ 21] We conclude Seibold was entitled to a hearing on her motions to hold Leverington in contempt and to modify parenting time and the district court erred in denying Seibold's motions without waiting for expiration of the time for Seibold to schedule and notice a hearing. We reverse the district court's order denying Seibold's motions to hold Leverington in contempt and for a second amended judgment, and we remand for further proceedings consistent with this opinion.

[¶ 22] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 23] Because the majority incorrectly decides that the district court did not have the authority to prevent one parent from using the court to burden and harass the other, I respectfully dissent.

[¶ 24] Maria Seibold asked the district court to change parenting responsibilities and parenting time within two years of the last proceeding and to hold Paul Leverington in contempt. In dismissing her motions without a hearing, the district court held:

> Since Defendant commenced his change of custody action against Plaintiff, Plaintiff has used this Court to frustrate Defendant through significant filings, with regard to Defendant's name change action and through significant filings with regard to this file. While this Court will not impose attorney's fees on Plaintiff

for the instant motion, this Court will not hesitate to impose attorney's fees in the future, unless a compelling case is made with a motion.

[¶ 25] The district court explained:

> Motions to modify parenting time are governed by section 14-05-22(2) of the North Dakota Century Code:
>
> > After making an award of primary residential responsibility, the court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health.
>
> N.D. Cent.Code § 14-05-22(2). The North Dakota Supreme Court has held that the standard of modification of visitation is similar to modification of custody, but not identical. *Simburger v. Simburger*, 2005 ND 139, ¶ 13, 701 N.W.2d 880. "The moving party bears the burden of establishing that a significant change of circumstances has occurred since the prior visitation order and that it is in the best interests of the child to modify the order." *Id.* Plaintiff failed to establish a prima facie case. Plaintiff has failed to present substantial evidence that a significant change of circumstance has occurred. Plaintiff is not entitled to an evidentiary hearing on this matter.

[¶ 26] This is not a case in which Maria Seibold sought a mere tweaking of the parenting time schedule to reflect changing schedules of those involved. She sought a fundamental change in the parenting relationship. She sought joint decision-making and significantly altered parenting time.

[¶ 27] The district court correctly denied this change without a hearing.

[¶ 28] In addition, Maria Seibold sought to have Paul Leverington held in contempt. The majority concludes that, even though the district court reviewing the supporting papers concluded there was no showing to justify such a hearing, the district court had to hold a hearing and burden the other party.

[¶ 29] The majority relies on the general provision of N.D.R.Ct. 3.2(a)(3), providing, "A timely request for oral argument must be granted even if the moving party has previously served notice indicating that the motion is to be decided on briefs."

[¶ 30] Section 27–10–01.3(1)(a), N.D.C.C., governing contempt, provides that a hearing is required only if the contempt was not committed in the court's presence and the court contemplates holding a party in contempt: "The court, after notice and hearing, may impose a remedial sanction authorized by this chapter." The legislative history reflects a specific intent that a hearing is only required to be held to provide due process if a person may be held in contempt. *Hearing on H.B. 1077 Before the House Judiciary Comm.*, 53rd N.D. Legis. Sess. (Jan. 11, 1993) (testimony of Gerhard Raedeke, Staff Attorney, Joint Procedure Committee, North Dakota Supreme Court). No hearing is required in other cases relating to contempt. The legislative history reflects the legislation was to occupy the field and eliminate the confusion of contempt requirements being found in different locations. *Id.*

[¶ 31] While our court rules have the effect of law, N.D.C.C. § 1–02–07 provides that specific provisions prevail over general provisions when the provisions are in conflict. Because the contempt statute is the specific, it prevails over the general provision in our rules.

[¶ 32] I would affirm, upholding the authority of the district court to deny without a hearing abusive and unreasonably burdensome motions.

[¶ 33] Dale V. Sandstrom.