2013 ND 129

In the Matter of the ESTATE
OF Ralph BARTELSON,
deceased.

Jean Valer and Jane Haught,
Petitioners and
Appellees,

v.

Neil Bartelson, Steven M. Fischer, Personal Representative of the Estate of Diane Fischer and Guardian and Protective Services, Personal Representative, Respondents.

Neil Bartelson, Appellant.

No. 20130022.

Supreme Court of North Dakota.

July 18, 2013.

 

William C. Severin, Bismarck, N.D. for petitioners and appellees.

Clark J. Bormann (argued) and Sophie Y. Morgan (appeared), Bismarck, N.D. for respondent and appellant.

CROTHERS, Justice.

[¶ 1] Neil Bartelson ("Bartelson") appeals from a district court order denying his petition to remove Guardian and Protective Services ("GAPS") as the personal representative of the Estate of Ralph Bartelson, an order denying his motion to vacate the order denying his petition and an order awarding attorney's fees. We reverse and remand.

I

[¶ 2] The facts of this case are explained in *In re Estate of Bartelson*, 2011 ND 219, 806 N.W.2d 199, and will not be repeated except as necessary to explain the resolution of issues in this appeal.

[¶ 3] Ralph Bartelson had four children—Jean Valer, Jane Haught, Bartelson and Diane Fischer. In 2008, in the context of a petition for appointment of a guardian and conservator for Ralph Bartelson, the district court approved a settlement agreement appointing Valer as guardian and GAPS as conservator. Ralph Bartelson died August 23, 2008, and GAPS was appointed the personal representative of the estate.

[¶ 4] Bartelson and Fischer alleged Valer and Haught misappropriated Ralph Bartelson's funds. GAPS did not pursue a misappropriation claim against Valer and Haught. The district court ordered it did not have jurisdiction over claims of misappropriation occurring before the court's 2008 appointment of a guardian and conservator for Ralph Bartelson. Bartelson and Fischer appealed. We reversed the district court's decision, holding the court erred in determining it did not have jurisdiction over the misappropriation claims. *Bartelson*, 2011 ND 219, ¶ 1, 806 N.W.2d 199. We remanded for further proceedings and for the court to determine whether Bartelson and Fischer had standing to assert their misappropriation claims when they did not allege that GAPS breached its fiduciary duty by not filing a misappropriation claim against Valer and Haught. *Id.* at ¶ 15. Fischer died while the appeal was pending.

[¶ 5] On remand, Bartelson filed a petition on February 21, 2012, to be appointed as the successor personal representative. After a hearing, the district court ruled neither Bartelson nor Fischer's estate had standing to assert their misappropriation claims. Bartelson and Fischer's estate moved for reconsideration and requested the court rule on Bartelson's petition to be appointed as a successor personal representative. On May 30, 2012, the court denied the motion to reconsider and Bartelson's petition to be named the successor personal representative.

[¶ 6] On August 1, 2012, Bartelson petitioned to remove GAPS as personal representative of Ralph Bartelson's estate, arguing GAPS breached its fiduciary duty by failing to pursue collection of assets belonging to the estate and failing to bring an action against Valer and Haught for misappropriation. On August 9, 2012, Valer and Haught filed an objection to the

petition and requested attorney's fees and costs. On August 20, 2012, Bartelson filed a reply to Valer and Haught's objection.

[¶ 7] On August 21, 2012, the district court denied Bartelson's petition, ruling Bartelson was lawfully excluded from the estate, does not have an interest in the assets of the estate and does not have standing to seek removal of the personal representative. The court also stated that it previously determined GAPS is qualified to act as the personal representative and has competently performed its responsibilities. The court found Bartelson's petition was frivolous because Bartelson has full knowledge that he does not have an interest in the estate or the conduct of the personal representative. The court granted Valer and Haught's motion for costs and attorney's fees.

[¶ 8] On August 22, 2012, Bartelson filed and served a notice of hearing, advising that a hearing on his petition to remove GAPS as personal representative was scheduled for September 10, 2012. The hearing was later canceled. On September 7, 2012, GAPS filed a response to Bartelson's petition.

[¶ 9] On September 11, 2012, Bartelson moved under N.D.R.Civ.P. 60(b) to vacate the order denying his petition to remove GAPS as the personal representative. Bartelson argued the court failed to follow statutory procedure before entering its order denying his petition; the court failed to hold a hearing required by statute; and the court failed to consider his reply brief, Valer and Haught's response to his reply brief, or GAPS' response brief. Bartelson also argued he is an interested person and he has standing to seek removal of the personal representative, the court has not previously determined whether GAPS has breached its fiduciary duties or other responsibilities, and the court abused its discretion when it determined his petition

was frivolous and awarded Haught and Valer attorney's fees and costs.

[¶ 10] In October 2012, a new judge was assigned to the case because the original judge was on medical leave. On November 20, 2012, after a hearing on the motion to vacate, the court entered an order denying Bartelson's motion. The newly assigned judge certified under N.D.R.Civ.P. 63 he was familiar with the record and the proceedings could continue without prejudice to the parties. The court ruled the estate and the issues were fully addressed by the court in prior orders, the court determined Bartelson was lawfully excluded from the estate and does not have an interest in the estate and N.D.R.Civ.P. 60(b) is not applicable because no reason or cause was set forth in the motion that fits within the rule or any subsection. The court subsequently entered an order awarding Valer and Haught $774 in attorney's fees and costs.

## II

[¶ 11] Bartelson appealed from the order denying his petition to remove GAPS as the personal representative, the order denying his motion to vacate and the order awarding Valer and Haught attorney's fees.

[¶ 12] In a civil case, a notice of appeal must be filed within 60 days from service of notice of entry of the order being appealed. N.D.R.App.P. 4(a). A motion to vacate an order under N.D.R.Civ.P. 60(b) does not affect the order's finality or suspend its operation. N.D.R.Civ.P. 60(c)(2). However, if a party timely files a motion for relief under N.D.R.Civ.P. 60 no later than 28 days after notice of entry of judgment, the full time to file an appeal runs from service of notice of the entry of the order disposing of the Rule 60 motion. N.D.R.App.P. 4(a)(3)(A); *see also In re Hehn*, 2008 ND 36, ¶ 16, 745 N.W.2d 631 (a

motion for a new trial tolls the time for filing an appeal from the underlying order under N.D.R.App.P. 4(a)(3)(A)).

[¶ 13] The order denying Bartelson's petition was filed on August 21, 2012, and Bartelson's motion to vacate was filed on September 11, 2012. Bartelson's motion to vacate tolled the time for filing an appeal from the order denying his petition. Bartelson's notice of appeal was filed within 60 days of the entry of the order denying his motion to vacate and the order for attorney's fees. Bartelson's appeal from all three orders was timely.

### III

[¶ 14] Bartelson argues the district court abused its discretion by disregarding statutory procedure in denying his petition to remove GAPS as the personal representative. He contends N.D.C.C. § 30.1–17–11 requires a hearing on a petition for removal, the hearing is mandatory and the court abused its discretion by denying his petition before a hearing was held. He also claims the court did not consider his reply brief, Valer and Haught's response to the reply brief and GAPS' response brief.

[¶ 15] The district court has discretion in deciding whether to remove a personal representative for cause, and the court's decision will not be reversed on appeal unless the court abused its discretion. *In re Estate of Hass*, 2002 ND 82, ¶ 12, 643 N.W.2d 713. A court abuses its discretion "when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *In re Estate of Cashmore*, 2010 ND 159, ¶ 21, 787 N.W.2d 261.

[¶ 16] The court denied Bartelson's petition for removal of GAPS as the personal representative, ruling:

"This estate has been fully addressed by the Court in prior orders, and has expressly determined that Neil Bartelson, son of the decedent Ralph Bartelson, was lawfully excluded from the estate of said decedent and that Neil Bartelson has no interest in the assets of either said estate or their administration.

"A petition for termination of personal representative is presented to the Court consistent with Section 30.1–17–11, N.D.C.C., and is expressly limited to a person having an interest in the estate wherein a petition for personal representative has been filed. Absent an interest in the estate in question, a party seeking removal of a personal representative has no standing before this court to offer a petition for removal.

"IT IS THE FURTHER FINDING OF THE COURT that the petitioner, Neil Bartelson, has previously appeared before this Court and that as a result of his participation and that of the heirs of said estate. This Court has determined that [GAPS] is a qualified and acting personal representative of said estate, and that they have to the extent presented to the Court faithfully and competently performed their responsibilities.

"IT IS THEREFORE THE DETERMINATION OF THIS COURT that the Petition of Neil Bartelson seeking the termination of [GAPS] as personal representative of the Estate of Ralph Bartelson is herewith expressly determined to be a frivolous petition wherein the petitioner has full knowledge that he does not have an interest in the said estate, the assets contained therein, or the conduct of the personal representative of said estate.

"IT IS THEREFORE THE ORDER OF THE COURT that the motion of the

respondents by and through their legal counsel to recover their costs and attorney's fees is herewith granted."

The court later entered an order awarding Valer and Haught attorney's fees and costs.

[¶ 17] Under N.D.C.C. § 30.1–17–11(1), a person interested in an estate may petition for the removal of the personal representative for cause at any time. Section 30.1–01–06(25), N.D.C.C., defines an "interested person" for purposes of N.D.C.C. tit. 30.1:

> " 'Interested person' includes heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person. The term also includes persons having priority for appointment as personal representative and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding."

Under the plain language of the statute, Bartelson is Ralph Bartelson's child and is an interested person. Furthermore, Valer and Haught's attorney conceded the court erred in finding Bartelson was not an interested person.

[¶ 18] Because Bartelson is an interested person for purposes of N.D.C.C. tit. 30.1, he may petition for the removal of the personal representative of the estate. N.D.C.C. § 30.1–17–11(1). Section 30.1–17–11(1), N.D.C.C., provides that upon filing a petition to remove a personal representative, "the court shall fix a time and place for hearing. Notice shall be given by the petitioner to the personal representative, and to other persons as the court may order." The plain language of the statute requires a hearing if a person interested in the estate petitions for removal.

[¶ 19] Although Bartelson was entitled to a hearing before his petition was denied, he also was required to request a hearing following the procedural requirements of N.D.R.Ct. 3.2. See N.D.R.Ct. 3.2(f)(2) (Rule 3.2 applies to formal proceedings under the Uniform Probate Code, N.D.C.C. tit. 30.1); see also State ex rel. Seibold v. Leverington, 2012 ND 25, ¶ 16, 812 N.W.2d 460. Rule 3.2, N.D.R.Ct., contains the procedural requirements for requesting a hearing on a motion. A party opposing a motion has fourteen days after service of the moving party's brief to serve and file an answer brief and other supporting papers. N.D.R.Ct. 3.2(a)(2). "The moving party may serve and file a reply brief within seven days after service of the answer brief." Id. A party entitled to a hearing must secure a time for the hearing and serve notice on the other parties, and a request for a hearing must be made no later than seven days after the expiration of the time for filing the answer brief. N.D.R.Ct. 3.2(a)(3).

[¶ 20] On August 1, 2012, Bartelson electronically and by mail served his petition to remove GAPS as the personal representative, and the petition was filed on the same day. Under N.D.R.Ct. 3.2, any party opposing the petition had fourteen days after service to serve and file an answering brief. Valer and Haught's objection to the petition was filed on August 9, 2012. GAPS did not file a response until September 7, 2012. Bartelson was required to schedule and provide notice of a hearing on the petition no later than seven days after the expiration of the time for filing the answer brief. N.D.R.Ct. 3.2(a)(3). The time for filing an answer brief expired on August 15, 2012, and Bartelson was required to schedule and pro-

vide notice of a hearing no later than August 22, 2012. A hearing was set in this case and the notice of hearing was filed and served on August 22, 2012. The hearing was scheduled and notice was served within the time requirements of N.D.R.Ct. 3.2(a). The court entered the order denying the petition on August 21, 2012, before the time to request and to notice a hearing expired. *See Seibold*, 2012 ND 25, ¶ 17, 812 N.W.2d 460.

[¶ 21] The district court failed to follow statutory requirements for hearings on petitions to remove a personal representative and entered an order denying the petition without providing sufficient time for Bartelson to schedule a hearing. We conclude the district court misapplied the law and abused its discretion. We reverse the district court's order denying Bartelson's petition and we remand for a hearing. Because we reverse the order denying Bartelson's petition, we also reverse the court's order awarding Valer and Haught attorney's fees and costs for responding to Bartelson's petition.

## IV

[¶ 22] We conclude the district court abused its discretion in denying Bartelson's petition for removal of GAPS as the personal representative without conducting a hearing and on the basis that Bartelson is not an interested person. Any remaining issues and arguments are unnecessary to our decision and will not be addressed. We reverse the court's orders and remand for a hearing on the petition.

[¶ 23] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.