## IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2019 ND 107

In the Matter of the Estate of Ralph Bartelson, deceased

| | |
|---|---|
| Jean Valer and Jane Haught, | Petitioners and Appellants |

v.

| | |
|---|---|
| Neil Bartelson, Steven M. Fischer, Personal Representative of the Estate of Diane Fischer, | Respondents and Appellees |

and

| | |
|---|---|
| William A. Chaussee, Personal Representative, | Respondent |

No. 20180255

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Laura C. Ringsak, Bismarck, N.D., for petitioners and appellants.

Clark J. Bormann, Bismarck, N.D., for respondents and appellees.

# Estate of Bartelson

## No. 20180255

**Tufte, Justice.**

[¶1] Jean Valer and Jane Haught appeal from a district court order denying their motion for reconsideration of a judgment determining they failed to rebut the presumption that they exercised undue influence over their father. We conclude the court did not abuse its discretion in denying their motion for reconsideration, and we affirm.

I

[¶2] This is the fourth appeal to this Court in proceedings involving the Estate of Ralph Bartelson and his four adult children: Valer, Haught, Neil Bartelson, and Diane Fischer. *Estate of Bartelson*, 2015 ND 147, 864 N.W.2d 441 ("*Bartelson III*"); *Estate of Bartelson*, 2013 ND 129, 833 N.W.2d 522 ("*Bartelson II*"); *Estate of Bartelson*, 2011 ND 219, 806 N.W.2d 199 ("*Bartelson I*").

[¶3] As Ralph Bartelson's health declined, his children agreed that he would live with Valer and that she and Haught would be paid to provide care for him. During this time, Ralph Bartelson executed a power of attorney appointing Valer as his attorney in fact and established a joint checking account, naming both Valer and Haught co-owners with rights of survivorship and allowing them to issue checks from the account. Neil Bartelson and Fischer claimed that Valer and Haught misappropriated money from their father, and they petitioned for appointment of a guardian and conservator for him. In July 2008, the parties stipulated to the appointment of Valer as guardian for Ralph Bartelson and the appointment of Guardian and Protective Services ("GAPS") as conservator for him. The parties' stipulation required GAPS to investigate and pursue the claimed misappropriation of money from Ralph Bartelson.

[¶4] Ralph Bartelson died in August 2008. His will was ultimately admitted to formal probate, and GAPS was appointed personal representative of his Estate. GAPS subsequently moved for court approval of requests for payments from the Estate to Valer and Haught. Neil Bartelson and Fischer objected to their siblings' requests and reasserted their allegation that Valer and Haught had misappropriated money from their father. The parties agreed to the payments requested by Valer and Haught, conditioned on a resolution of the misappropriation claim. GAPS retained a forensic accountant to review transfers of Ralph Bartelson's assets to family members, and the accountant determined Valer had received funds in excess of $154,000 and Haught had received funds in excess of $132,000. However, the accountant was not able to ascertain the reasons for many of those transfers, because Valer and Haught failed to provide documentation for the transfers.

[¶5] GAPS, as personal representative of the Estate, did not pursue a misappropriation claim against Valer and Haught, and the parties were unable to resolve that claim. After a bench trial in February 2011, the district court determined it did not have jurisdiction over any alleged misappropriations before Ralph Bartelson's death. Neil Bartelson and Fischer appealed. In *Bartelson I*, 2011 ND 219, ¶¶ 1, 16, 806 N.W.2d 199, we reversed, holding the court erred as a matter of law in determining it did not have jurisdiction over misappropriation claims allegedly occurring before a guardian and conservator were appointed for Ralph Bartelson in July 2008. We remanded for further proceedings to determine whether Neil Bartelson and the Estate of Fischer[1] had standing to assert misappropriation claims. *Id.* at ¶ 15.

[¶6] On remand, the district court ruled that Neil Bartelson did not have independent standing to assert misappropriation claims against Valer and Haught. Neil Bartelson and Fischer then petitioned to remove GAPS as personal representative of the Estate. The court denied the petition without a hearing and denied a motion to vacate on the ground that Neil Bartelson was not an interested person. Neil Bartelson

---

[1]While *Bartelson I* was pending, Diane Fischer died and her estate was substituted as a party in this action.

appealed, and we reversed, holding the court erred as a matter of law in concluding he was not an interested person and the court abused its discretion in denying the petition to remove GAPS as personal representative without a hearing. *Bartelson II*, 2013 ND 129, ¶¶ 17-18, 21-22, 833 N.W.2d 522.

[¶7]     At a hearing on remand, Neil Bartelson and Fischer argued the district court was required to rule on the misappropriation claim by applying the presumption of undue influence in N.D.C.C. § 59-18-01.1. They claimed that Valer and Haught failed to rebut the presumption of undue influence by providing an accurate accounting of withdrawals from Ralph Bartelson's checking account and that any withdrawals were presumed to be made as a result of undue influence. The court denied the petition to remove GAPS as personal representative of the Estate.

[¶8]     We reversed the district court's decision and remanded, holding the court misapplied the statutory presumption of undue influence in denying the petition to remove GAPS as personal representative. *Bartelson III*, 2015 ND 147, ¶¶ 1, 19, 864 N.W.2d 441. We explained that to properly apply the presumption, the court must first determine whether Valer and Haught had a confidential relationship with their father. *Id.* at ¶ 17. We said the court must make a finding about whether Haught had a confidential relationship with her father, and if the court found the existence of that relationship, it must apply the presumption of undue influence to benefits Haught obtained during the relationship. *Id.* at ¶ 18. We also concluded the record established that Valer had a confidential relationship with her father as a matter of law and the court must apply the presumption of undue influence to Valer's withdrawals from his checking account. *Id.* at ¶ 19. We explained Valer had the burden of developing a record sufficient to prove any withdrawals were not received without sufficient consideration or under undue influence. *Id.* We noted the judge presiding over the original proceeding had retired, and the court on remand must make a certification of familiarity with the record under N.D.R.Civ.P. 63, or alternatively order a new trial. *Bartelson III*, at ¶ 20.

3

[¶9]    On remand, a new district court judge certified familiarity with the record and determined Haught had a confidential relationship with Ralph Bartelson. The court also decided Valer and Haught failed to provide documentation for withdrawals from their father's account to rebut the presumption of undue influence attributable to their confidential relationship with their father. The court determined the amounts of the withdrawals from their father's account that Valer and Haught were unable to account for were summarized in an attachment to a closing brief submitted by counsel for Neil Bartelson and Fischer after the February 2011 hearing. The court decided the amounts in the attachment were correctly summarized from the forensic accountant's report and testimony introduced into evidence at trial and adopted those amounts as an accurate summary of the amounts Valer and Haught owed the Estate for their failure to rebut the presumption of undue influence. The court's decision required Valer to remit $76,413.15 to the Estate and Haught to remit $97,838.80 to the Estate.

[¶10] Valer and Haught moved for reconsideration under N.D.R.Civ.P. 60(b), arguing they did not have an opportunity to rebut the presumption of undue influence. They claimed the document attached to counsel's closing brief after the February 2011 hearing was not an "exhibit offered, entered or testified" to in court and was not accurate.  The district court denied their motion, determining they failed to allege a factual or legal basis for relief under N.D.R.Civ.P. 60(b).  The court rejected their claim that the presumption of undue influence had not been raised in prior proceedings and that they were entitled to a hearing to present evidence to rebut the presumption. The court also determined the document that counsel attached to the post-hearing brief contained three clerical errors and corrected those errors. The court found it was otherwise an accurate summary of the forensic accountant's report and testimony describing the amounts Valer and Haught were unable to substantiate. As a result, the district court concluded Valer and Haught failed to rebut the presumption of undue influence. After those corrections, Valer was required to remit $77,413.15 to the Estate and Haught was required to remit $86,554.26 to the Estate.

## II

[¶11] Valer and Haught appeal only from the order denying their motion for reconsideration under N.D.R.Civ.P. 60(b), arguing the district court abused its discretion in denying their motion for relief from the judgment. They assert the court abused its discretion in adopting calculations from a document attached to a post-hearing brief to establish the amount they owed the Estate. They argue the document was not introduced into evidence at the February 2011 evidentiary hearing under the requirements of N.D.R.Ev. 1006, or subject to cross-examination. They claim the summaries were not accurate and contradicted the testimony of the forensic accountant. They also argue they were not afforded their due process right to notice and a hearing to rebut the presumption of undue influence.

[¶12] Valer and Haught have appealed only from the order denying their motion for reconsideration, and our review is limited to that order. *See Kautzman v. Doll*, 2018 ND 23, ¶¶ 5, 8, 15, 905 N.W.2d 744 (stating appeal only from a denial of a motion to reconsider under N.D.R.Civ.P. 60(b) does not permit appellant to attack the underlying order from which an appeal could have been taken but was not brought). North Dakota law does not formally recognize motions to reconsider, and motions for reconsideration are treated as motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or motions for relief from a judgment under N.D.R.Civ.P. 60(b). *Kautzman*, at ¶ 9.

[¶13] The motion for reconsideration by Valer and Haught cited N.D.R.Civ.P. 60(b)(1) and (6), which authorize relief from a judgment for mistake, inadvertence, surprise, or excusable neglect, or for any other reason that justifies relief. On appeal from the denial of their motion for reconsideration, Valer and Haught argue the district court erred in denying their motion under N.D.R.Civ.P. 60(b)(6). A court's denial of a motion for reconsideration under N.D.R.Civ.P. 60(b)(6) will not be reversed on appeal absent an abuse of discretion. *Kautzman*, 2018 ND 23, ¶ 13, 905 N.W.2d 744. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misapplies or misinterprets the law, or when the

decision is not the product of a rational mental process leading to a reasoned decision. *J.B. v. R.B.*, 2018 ND 83, ¶ 5, 908 N.W.2d 687. In *Kautzman*, at ¶ 14, we explained our review of the denial of a motion for reconsideration under N.D.R.Civ.P. 60(b)(6):

> "Rule 60(b)(6), N.D.R.Civ.P., is a 'catch-all' provision that allows a district court to grant relief from a judgment for 'any other reason that justifies relief.'" Rule 60(b)(6), N.D.R.Civ.P., "should be invoked only when extraordinary circumstances are present." This Court previously described the limitations of N.D.R.Civ.P. 60(b)(6):
>
> > [T]he use of the rule is limited by many considerations. It is not to be used as a substitute for appeal. It is not to be used to relieve a party from free, calculated, and deliberate choices he has made. It is not to be used in cases where subdivisions (1) to (5) of Rule 60(b) might be employed—it and they are mutually exclusive. Yet 60(b)(6) can be used where the grounds for vacating a judgment or order are within any of subdivisions (1) to (5), but something more or extraordinary which justifies relief from the operation of the judgment must be present.
>
> *Hildebrand v. Stolz*, 2016 ND 225, ¶ 16, 888 N.W.2d 197 (citations omitted). "The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances." *Anderson [v. Baker]*, 2015 ND 269, ¶ 10, 871 N.W.2d 830 (quoting *Shull v. Walcker*, 2009 ND 142, ¶ 14, 770 N.W.2d 274).

[¶14] Valer and Haught argue the district court erred in adopting calculations in a summary attached to a closing brief submitted by counsel for Neil Bartelson and Fischer after the February 2, 2011, hearing. They claim the summary was not introduced into evidence at the February 2011 hearing under the requirements of N.D.R.Ev. 1006. They also claim the summary was not accurate and contradicted the testimony of the forensic accountant. Neil Bartelson and Fischer respond their counsel's calculations were summaries of evidence provided by the forensic accountant at the February 2011 hearing, which established funds obtained by Valer and Haught from their father without any documentation for the underlying purpose and which were presumed to be obtained under undue influence.

6

[¶15]  Rule 1006, N.D.R.Ev., authorizes the use of a summary to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court and contemplates the introduction of secondary evidence to summarize those voluminous writings, recordings, or photographs. *Titan Mach., Inc. v. Patterson Enters., Inc.*, 2016 ND 19, ¶¶ 10-11, 874 N.W.2d 317.

[¶16]  Here, the attachment to the closing brief submitted by counsel for Neil Bartelson and Fischer summarized the forensic accountant's testimony and report as part of counsel's closing argument after the February 2011 hearing. The attachment was not introduced as secondary evidence.  Rather, the attachment was counsel's summation of the forensic accountant's testimony and report, which had been admitted into evidence at the February 2011 hearing. In determining the amounts Valer and Haught were required to remit to the Estate, the district court decided counsel's summation accurately reflected the evidence introduced at the hearing.  In denying the motion for reconsideration, the court explained the attachment, with the correction of the three clerical errors, was an accurate summary of the amounts Valer and Haught were unable to account for. The court said the calculations of those amounts in the attachment were derived from the forensic accountant's report that was admitted into evidence at the February 2011 hearing. The court's denial of the motion for reconsideration was the product of a rational mental process leading to a reasoned decision, was not a misapplication of the law, and was not arbitrary, capricious, or unreasonable. We therefore conclude the court did not abuse its discretion in denying the motion for reconsideration on this ground.

[¶17]  Valer and Haught also argue the district court's decision denied them due process because they were not provided notice and an opportunity to rebut the presumption of undue influence.

[¶18]  Due process requires a fair hearing, which includes reasonable notice of the opposing party's claims and an opportunity to rebut those claims. *Holbach v. Dixon*, 2007 ND 60, ¶ 7, 730 N.W.2d 613.

7

[¶19]   Valer and Haught had notice of the misappropriation claims throughout these protracted proceedings. Before the February 2011 hearing, Neil Bartelson and Fischer filed a pretrial brief specifically citing the presumption of undue influence. In denying the motion for reconsideration, the district court determined Valer and Haught had the opportunity to present evidence rebutting the presumption of undue influence at the February 2011 hearing and failed to do so. The record reflects that the misappropriation claim and the issue about the applicability of the presumption were raised throughout the proceedings in the district court and in this Court. *See Bartelson III*, 2015 ND 147, ¶¶ 8, 16-19, 864 N.W.2d 441. On this record, the court's denial of the motion for reconsideration was not a misapplication or misinterpretation of the law, was not arbitrary, capricious, or unreasonable, and was the product of a rational mental process leading to a reasoned decision. We conclude the court did not abuse its discretion in denying the motion for reconsideration on this ground.

III

[¶20]   We affirm the order denying the motion for reconsideration.

[¶21]   Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.